NEW-YORK,<br>May, 1821.<br>HENRY<br>v.<br>BROWNE.

Judgment for the defendant.

---

## HENRY *against* BROWN.

THIS was an action of debt on a bond, tried at the *Oneida* Circuit, in *September*, 1820, before Mr. Justice *Yates*. The defendant, after craving *oyer* of the bond and condition, pleaded *non est factum*. At the trial, the plaintiff proved the bond, dated 12th of *October*, 1819, conditioned to pay twelve hundred dollars, in six annual instalments; but the defendant's counsel objected to its being read in evidence, because there was a variance between the *oyer* of the condition delivered to the defendant, and the original. The words in the condition of the bond were "without any fraud or other delay," and in the *oyer*, "without any fraud or delay," omitting the word "other." The objection was overruled by the judge. The defendant then offered in evidence, under a notice of set off, a promissory note of

A small variance between the *oyer* of a bond and the declaration, is not regarded; as where in the oyer, the words were "or delay," and in the declaration, "or other delay," the variance was held immaterial Where, on receiving notice from the assignee of a bond, of the assignment, the obligor. paid to the assignee 100 dollars, and promised to pay the balance without mentioning any demand against the assignor, or set off; in an action afterwards brought on the bond, it was held that the defendant could not set off any demand against the assignor, existing prior to the bond; but that it was to be presumed from the promise of the defendant, and his silence on the subject of the set off, that his claim against the obligee had been previously settled.

the plaintiff to the defendant, for one hundred dollars, dated *November* 30, 1818.

The plaintiff's counsel objected to the evidence of set off, on the ground that the bond was assigned on the 25th of *October*, 1819, by a writing endorsed thereon, to *J. Kirkland*, and notice thereof given to the defendant, who had acknowledged the notice, and paid *K.* one hundred dollars, and promised to pay the balance, without claiming any set-off whatever. To support this objection, the plaintiff gave in evidence a letter of the defendant, dated *January* 10, 1820, to *K.* the assignee of the bond, in which, after mentioning that the bond was given for lands, and that there was some dispute about the title, about which, however, he had no doubt, he adds, " as the bond was assigned to you before it became due, and as you politely gave me notice thereof, I will (unless the title should fail) adjust the same." ——" I send you my check for one hundred dollars, payable in 40 days ; should *H.* the plaintiff, be here, which I expect shortly, I will make an arrangement for the balance, probably before the 40 days."——The letter of *K.* giving the defendant notice of the assignment to him, was dated *December* 20, 1819. The one hundred dollars were shown to have been endorsed on the bond. The note offered by way of set-off, was received, reserving the question as to its admissibility ; and the defendant, who was an attorney of this Court, gave further evidence, by way of set-off, of several taxed bills of costs, &c. as an attorney in several suits, in which the plaintiff and others were plaintiffs ; and it was proved that these services were rendered prior to giving the bond.

A verdict was taken for the plaintiff, subject to the opinion of the Court, on the point whether the evidence of set-off ought to have been received.

The case was submitted to the Court without argument.

WOODWORTH, J. delivered the opinion of the Court. The variance does not alter the sense ; it was not in a material part of the instrument, nor was the defendant surprised.

The objection ought not to prevail, unless there is some
strict rule of law, uniformly acted upon, which does not
allow the Court to consider it immaterial.

In *5 Com. Dig.* 125. B. 4. it is laid down, that a small
variance between the obligation, upon oyer, and the decla-
ration, does not avoid it; as if the declaration on a bill is,
that " *he will pay*," and the bill says, " *if he pay*," the va-
riance is immaterial. In 2 *Salk.* 659. the deed declared
on was dated the 30th of *March, anno domini* 1701, the
oyer was on the 30th of *March*, 1701, and held no variance.
These authorities sufficiently show, that variances like the
present have been disregarded. They are, in no point of
view, material, and ought not to defeat the manifest justice
of the cause ; if it were otherwise, the oyer is clearly amend-
able by this Court, so that the defendant cannot succeed
on this ground.

The next question is, whether the defendant is entitled to
the benefit of a set-off? The bond is dated the 12th of *Oc-
tober,* 1819 ; it was assigned, on the 25th of the same month,
to *Joseph Kirkland,* who gave notice thereof to the defendant
in *December* following. The letter of the defendant to *Kirk-
land,* dated the 20th of *January*, 1820, was not written with
a view to a compromise, but promises to adjust the bond
with *Kirkland,* unless the title to the land, for which the
bond was given, should fail. There is no suggestion, that
the defendant had any demand against the plaintiff, or con-
templated any deduction by way of set-off; the failure of
title is the only contingency. At the trial, the defendant
offered in evidence a note of 100 dollars, given by the plain-
tiff to the defendant, nearly a year before the giving of the
bond, and several bills of costs for services as attorney in
certain suits, wherein the plaintiff, and two other persons,
were plaintiffs ; the services had all been rendered before
the giving of the bond. It was not pretended, that the title
had failed, so that the defendant's letter, containing a pro-
mise to adjust the bond, became absolute.

I think this case comes precisely within the principle de-
cided in *Gould* v. *Chace,* (16 *Johns. Rep.* 226.) that where
the defendant having executed a promissory note, after-
wards promised the assignee of the note to pay it, he can-

NEW-YORK,
May, 1821.

HENRY
v.
BROWN.

NEW-YORK,
May, 1821.

HENRY
v.
BROWN.

not, in an action brought on the note, by the assignee, in the name of the payee, set off demands which he had against the nominal plaintiff, prior to the making of the note, merely upon proving those demands, without further explanation, as it is to be presumed from the fact of his subsequently giving a note, coupled with his promise to the assignee to pay it, that the subject of the set-off had been previously satisfied. In addition to this, the defendant paid 100 dollars to the assignee, which, together with the other facts, very satisfactorily proves, that the set-off relied on had been in some way settled between the obligor and obligee. The same doctrine is recognized in *Eels* v. *Finch.* (5 *Johns. Rep.* 193.)

That the rights of the assignee of a chose in action will be protected in a Court of law, is not, at this day, questionable. (1 *Johns. Cas.* 51. 2 *Johns. Cas.* 121. 3 *Johns. Rep.* 425. 4 *D. & E.* 340. 15 *Johns. Rep.* 405. 16 *Johns. Rep.* 51.) Good faith required the defendant, after he received notice of the assignment, and when he answered the letter of the assignee which gave him notice, to state the set-off, if he had any, or intended to place his defence on that ground. He has not done so, but has remained silent ; and thereby gave the assignee a right to calculate on the payment of the whole bond.

We are of opinion, that the defendant is precluded from setting up this defence, and that the plaintiff is entitled to judgment.

Judgment for the plaintiff.