Herbert v. Ford.

## THOMAS HERBERT *versus* SAMUEL FORD.

In an action upon a note, between the original parties, a partial failure of consideration, though the amount of it be unliquidated, may be proved by the defendant in mitigation of damage. And the jury, upon the evidence, may determine the amount of the failure.

The tendency of decisions in this country has been to allow a broader latitude of defence, than was permitted by the rules of the common law, to bills of exchange and promissory notes, where the justice of the case requires it, and a circuity of action may thereby be avoided. — Per WELLS, J.

In a suit upon an unnegotiable note made payable to the plaintiff for the benefit of a third person, who still remains the owner, the same defence may be set up, as if the note had been made payable to such third person.

Nor, in order to make this defence, is it necessary that the party, who sets it up, should restore what he had received under the contract.

EXCEPTIONS from the District Court, RICE, J. The action was assumpsit upon a note given to the plaintiff, and not negotiable, for $175, on which there were several indorsements, the last under date of June, 1841, all in the hand-writing of the defendant, leaving due of principal and interest on the day of the trial, $32,71.

There was evidence that the note was given for the medical stand, (or professional practice and good will of his stand,) of Dr. Albert S. Clark, in the town of Bristol. The terms of the trade had been agreed to, before Dr. Clark left Bristol, and after he had left, the note in suit was given in pursuance of the previous agreement, and made payable to Clark's brother-in-law and agent, the plaintiff.

There was evidence that Clark remained absent from Bristol some four or five years and then returned, and is now in practice there. It was proved that the defendant remained in Bristol after said note was given, about three years, and then moved away and established himself at Nobleboro', where he has resided ever since; that one Dr. Palmer moved into Bristol a short time before defendant left there, to aid him in his practice, and remained about two years, and after he left Dr. Clark returned to Bristol.

The defence set up was, the want and failure of consideration, and the Judge was requested by defendant's counsel to instruct the jury, that if they should find upon the evidence in the case, that the only consideration for the note was Dr. Clark's professional stand in Bristol, without any specified limited time proved, and that Dr. Clark did return to Bristol without the defendant's consent, and did resume and continue practice as a physician there ; that would constitute a want or failure of consideration and would be a good defence to this action.    The Judge was further requested to instruct them, that if they should not be able to ascertain the precise amount of want or failure of consideration, yet if they should be satisfied that the want or failure of consideration, if any, is as much or more than the amount due on the note, the action fails, and *the defence is well maintained.*

But the Judge ruled otherwise, and said, that if they found that the plaintiff acted as an agent only, and that the note under consideration was the property of Dr. Clark, it might by them be treated as such, and that any defence or failure of consideration that might have been successfully set up, had the note run directly to Dr. Clark, and been prosecuted in his name, was equally available to the defendant here ; but inasmuch as the failure of consideration was not total, but only partial, and that part which had failed, if any, was uncertain and not capable of computation, it could not be set up in defence of this action, though it might be ground for an action to recover damages for a breach of contract, and that they might cast the interest and return a verdict for the plaintiff for what they should find due on the note.    And a verdict was found for $32,71.

*H. C. Lowell,* for defendant.

1. This is not a negotiable note.

The jury should, therefore, have been permitted to ascertain whether any portion of its consideration had failed.

2. There was no sufficient consideration to support this promise.    It was the intention on the part of the plaintiff to sell to the defendant his professional stand in Bristol, and his

right to practice there ; *this was to be perpetual,* or else it was on the part of the plaintiff designed to mislead the defendant. *The law* will not permit a practising physician to sell out, and deprive himself of the right, and the sick and afflicted, of the benefit of his professional services, even in a *limited* district for an *unlimited* time. The community, — the sick and suffering ones, — have a right, which cannot be impaired or abridged by trade and speculation, to have the skill and services of the physician of their choice and confidence, *at all times.* This very transaction is opposed to the benign and guardian policy of the law.

This differs widely from those cases where the defence is that the agreement was *"in restraint of trade,"* and where the distinction between a limited territory and the whole kingdom, between a term of years or a very long and unreasonable period, often decides the rights and liabilities of the parties.

3. But supposing for a moment that there was a sufficient legal consideration for this contract in its inception, then it is apparent that it had failed, not in *part,* but in *full,* for the nature of the contract was such that a failure in any respect and at any time would operate a total failure. Whether viewed in the light of a total or partial failure the instructions requested should have been granted. Such instructions could have led to no unjust result, while they were well calculated to produce exact and equal justice between the parties. 14 Pick. 2 cases ; *Bean* v. *Jones,* 8 N. H. 149 ; *Savage* v. *Whitaker,* 3 Shep. 24 ; *Stevens* v. *McIntire,* 2 Shep. 14.

4. The views taken by the Judge and advanced to the jury were incorrect, and not adapted to the facts and nature of the case. *Noyes* v. *Day,* 14 Vermont, 384 ; *Gardiner* v. *Morse,* 9 Metc. 278.

*Hussey,* for plaintiff.

It will readily be admitted that there was not a total failure of consideration for the note. It therefore, cannot be rescinded by one of the parties, where both of them cannot be placed in the identical situation which they occupied,

Herbert v. Ford.

and cannot stand upon the same terms as those which existed, when the contract was made. *Kimball* v. *Cunningham*, 4 Mass. 502; *Conner* v. *Henderson*, 15 Mass. 319; Chitty on Contracts, 5th American edition, 743.

In an action on a note or bill, the defendant cannot show a partial failure of consideration to reduce the damages, if the quantum to be deducted is of an uncertain and unliquidated amount, and there has been no attempt to repudiate the contract or restore the consideration. As where A had sold an interest in a patent right to B, accompanied with a false representation, and the interest, though of some value, was of less value than it would have been if the representation had been true, but the difference was of an uncertain and unliquidated amount, and B did not repudiate the contract, nor offer to restore the interest sold, it was held, in an action on the note, that B could not avail himself of such partial failure of consideration to reduce the damages below the sum expressed in the note. *Pulsifer* v. *Hutch*, 12 Conn. 234. So also in the case of *Greenlief* v. *Cook*, 2 Wheaton's Rep. 13, a defence was made to a promissory note, on the ground that the title to land, for the consideration of which the note was given, had only partially failed; and it was said, that to make it a good defence, in any case, the failure of title must be total. It is held in the case of *Day* v. *Nix*, 9 Moor, 159, that a partial failure of consideration of a note was no defence, provided the quantum of damages arising upon the failure was not susceptible of definite computation. Where there is a subsequent failure of consideration, it is, in many cases, equally fatal with an original want of consideration; but not in all cases, at least, where it is a matter capable of definite computation and not mere unliquidated damages. See Story on Promissory Notes, p. 204, sec. 187; Chitty on Bills, chap. 3, sec. 1, p. 79—83, (8th edition.) It has been decided, that where the defendant has derived some advantage, by the other party, to some extent having performed the agreement, in such case the agreement should stand, and he should seek a compensation in damages for the plaintiff's

default, in a cross action. And with respect to the immediate parties to a bill or note, the debt between whom, formed the consideration for the instrument, may be inquired into in whole or in part, and the holder shall recover no more than the amount of debt due to him from the defendant. But even between such parties, if the bill or note were given upon a special contract, which has not entirely rescinded, and is not wholly void on account of fraud, the partial failure of consideration will afford no defence whatever, and the full amount of the bill or note shall be recovered, when the plaintiff's partial non-performance of the contract involves a question of unliquidated damages. · See Chitty on Contracts, 5th edition, p. 773; Chitty on Bills, 9th ed., p. 78, *Lewis* v. *Crossgrave*, 2 Taunt. 2; *Aulzer* v. *Bomford*, 3 Starkie's Rep. 175.

The cases, in which the Court, to prevent unnecessary litigation, have, in many instances, allowed a defendant, in case of partial failure of consideration, (except where the action is on a bill of exchange or promissory note, and a question of unliquidated damages would be raised by inquiring into the consideration for such bill or note,) instead of bringing a cross action, to reduce the damages, by setting up such partial failure of consideration are generally cases of contract for goods, or work and labor, and materials in which the defendant, when sued for the price, may show the insufficiency of the goods, or incomplete performance of the work, although a specific sum were agreed upon. *Moggridge* v. *Jones*, 14 East, 486; *Havelock* v. *Geddes*, 10 East, 564; *Harrington* v. *Stratton*, 22 Pick. 510, and *Parish* v. *Stone*, 14 Pick. 198.

The opinion of the Court, (HOWARD, J. concurring in the result only,) was delivered by

WELLS, J. — It appears by the facts stated in the bill of exceptions, that the note in suit was given for the good will of the professional practice of Doct. Albert S. Clark, in the town of Bristol, and by the agreement of the parties, it was made payable to the plaintiff, as the agent of Clark. The

plaintiff holds it for Clark, and it is open to any defence, which might be made against the latter. *Petry* v. *Christy*, 19 Johns. 52.

Four or five years after the note was given, Clark returned to Bristol, and resumed his practice. Several payments had been made upon the note, and this suit was brought to recover the balance. The defence set up was a want or failure of consideration, equal at least, to the balance due on the note, which was not negotiable.

The Judge of the District Court instructed the jury, that inasmuch as the failure of consideration was not total, but partial, and the part which had failed, if any, was uncertain and not capable of computation, it would constitute no defence. By the common law, any legal consideration is sufficient to form the basis of a contract, and consequently, it must be entirely wanting of that ingredient, to render it a *nudum pactum*.

Whether a partial failure of consideration may be given in evidence, to defeat a recovery *pro tanto*, has been very much discussed, and has created conflicting decisions.

In New York and other States, a partial as well as a total failure of consideration, may be given in evidence by the maker of a note, to defeat or mitigate, as the case may be, the recovery. 2 Kent's Com. 474 ; *Earl* v. *Page*, 6 N. H. 477. The note in suit, in *Parish* v. *Stone*, 14 Pick. 198, was given upon two distinct and independent considerations, one alone of which was valid in law, but both were blended together, and neither was definite or liquidated. It was decided, that the plaintiff could recover to the extent of the valid consideration and no further, and that the amount should be settled by the jury, upon the evidence. This case appears to cover the whole ground in controversy, for if a partial want of consideration, which is unliquidated, may be shown, no apparent objection could arise to showing a partial failure, which was also unliquidated.

In *Tye* v. *Gwynne*, 2 Camp. 346, Lord Ellenborough says, the want of consideration may be given in evidence to re-

duce the damages, but a failure cannot, that furnishes a distinct and independent cause of action. No judgment was rendered in that case, which, with a cross action between the parties, was referred to arbitration.

If there be a sale of two chattels, for a gross sum, and a note given for the price, and one of the chattels is not the property of the vendor, and a partial want of consideration may be shown, why should not the same defence be allowed, if both of the chattels were the property of the vendor, and the title passed to the vendee, but the vendor destroyed one of them before delivery? In one case, there is a want of consideration, at the time when the contract is made, to the extent of the value of one of the chattels, in the other a failure of it, to the same extent, caused by the misconduct of the vendor. There does not appear to be any good reason, why the maker of the note might not defend on one ground as well as on the other. Accordingly it has been held, in *Dyer* v. *Homer*, 22 Pick. 53, where there was a sale of chattels, which was considered valid between the parties, but not so as to attaching creditors, and some of the chattels were taken and held by an attaching creditor, that the maker of the note, given for them, might prove the partial failure of the consideration, in an action on the note.

Nor is it necessary in making this defence, that there should be a restoration, by the party who sets it up, of what he has received under the contract.

In the case of *Harrington* v. *Stratton*, 22 Pick. 510, where a note was given upon an exchange of horses, and the payee represented his horse to be sound, when he was not, the defendant was allowed to prove in reduction of damages, the defect in the horse received by him, without returning or tendering it to the plaintiff.

The same principle was adopted in *Goodwin* v. *Morse*, 9 Metc. 278, where the chattel sold, was not such in quality as it was warranted to be. So also in *Stevens* v. *McIntire*, 14 Maine, 14, where a note was given for a bond, for the conveyance of land, and there was a mistake in the amount, for

which the note was given, it having been made for too large a sum, the defendant was allowed to show the same, in reduction of damages, without returning the bond.

It is true, where the purchaser would rescind the contract, and recover back what he has paid, he must restore what he has received.

But in such case he becomes the actor, and brings his action for redress. It is also well settled, that he may recover in an action for the fraud or breach of warranty, retaining what he has purchased.

It does not follow that because these two remedies are open to him, he may not also prove in reduction of damages, when he is sued upon the note, that there were fraudulent representations made to him by the payee, a warranty which has been broken, or any partial failure of consideration.

By the allowance of such defences, in those cases, where the defendant would have a right to maintain a cross action and recover damages, an unnecessary circuity of action is avoided.

In the present case, there cannot be an entire restoration of what was purchased, after the defendant had received a part of the benefit of it, but he would undoubtedly be entitled to recover damages, if he had sustained any, for the breach of the contract. And those damages may as well be investigated in an action upon the note, as in a cross action, if the plaintiff has proper notice of the defence. And the jury can as well determine them, in the one case as in the other.

There are no reasons of public policy, which would shut out this defence, or that would require a party should recover to-day, what it is conceded he must pay back to-morrow.

The case of *Lloyd* v. *Jewell*, 1 Greenl. 352, was doubted by PARKER, C. J. in *Knapp* v. *Lee*, 3 Pick. 452, and was considered by him to be at variance, with the doctrine laid down in *Bliss* v. *Negus*, 8 Mass. 46. It was also questioned by RICHARDSON, C. J. in *Tillotson* v. *Grapes*, 4 N. H. 444. And the ground of the opinion, that the covenants were a

sufficient consideration for the note, was denied to be the law of Massachusetts, in *Rice* v. *Goddard*, 14 Pick. 293. The objection made to the case of *Lloyd* v. *Jewell*, as appears by the cases cited, in Massachusetts and New Hampshire, does not seem to arise from the ground of the decision of that case, that a partial failure of consideration could not be given in evidence, but to the remarks of MELLEN, C. J. that a total failure could not. The decision in that case was made according to the rule of the English law, which remits the party back to his covenants in his deed. But the English courts admit a total failure of consideration to be a good defence, between the original parties to a bill of exchange, while they hold a partial failure is no defence. 2 Kent's Com. 473.

The authority of *Lloyd* v. *Jewell*, in which there was only a partial failure of consideration, is recognized in *Wentworth* v. *Goodwin*, 21 Maine, 150, and in *Jenness* v. *Parker*, 24 Maine, 289.

The present action does not relate to real estate, a conveyance of which with covenants of warranty, was the consideration of the note in *Lloyd* v. *Jewell*. If Clark, by resuming his practice, has prevented the defendant from enjoying the entire benefit of the contract, he ought not, through the plaintiff, to be permitted to recover compensation for that, which he has agreed, the defendant should enjoy, when by his own interference, the defendant has been deprived of it. Clark is responsible in damages, if there has been a breach of his contract, but it does not appear from the current of authorities, that the defendant is to be limited to that remedy alone. The consideration of the contract was the good will of the practice, and so far as that has been taken away by Clark, there is manifestly a failure of it.

The tendency of decisions in this country has been, to allow a broader latitude of defence than was permitted by the rigid rules of the common law, to bills of exchange and promissory notes, where the justice of the case required it, and a circuity of action could be avoided.

*Exceptions sustained and a new trial granted.*