## COUNTY OF SAGADAHOC.

† ROGERS & al. versus HUMPHREY.

A sale and delivery of a quantity of boards sufficient to make a certain number of sugar box shooks, is legal and binding, although no survey was ever made.

Where a party seeks to recover payment for articles delivered under a special contract, which he has not fully performed, the damages suffered by reason of such breach may legally be deducted in the same suit.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT, upon a special contract, alleged to be in the possession of defendant, and which plaintiff was unable to obtain; also for wares and merchandize delivered. The contract appeared to be to furnish boards sufficient for 10,000 sugar box shooks.

Defendant pleaded the general issue and filed a brief statement, that he had paid all that was due, the amount being reduced by the non-performance of plaintiff's contract, and claimed to show the loss and damage thereby.

After the plaintiff's evidence was introduced, defendant offered to show in reduction of the damages to be recovered, the damage, loss and expense by him sustained in consequence of the non-fulfilment of the contract on the part of the plaintiff.

This testimony was excluded.

Defendant also objected to the recovery for the price of the boards, as they were never surveyed; but the Judge held, that it was not necessary; and a default was entered, to be taken off if either of the rulings was wrong.

*Barrows*, for defendant, cited *Hayward* v. *Leonard*, 7 Pick. 181; *Harrington* v. *Stratton*, 22 Pick. 510; *Folsom* v. *Muzzey*, 8 Greenl. 400; *Hammatt* v. *Emerson*, 27 Maine,

308; 1 Parsons on Con., 387; 2 Greenl. Ev. 124; 11 Met. 561; R. S., c. 66, § § 2, 17; *Wheeler* v. *Russell*, 17 Mass. 208. *Gilbert*, for plaintiff.

APPLETON, J. — As the lumber, payment for which is sought to be recovered in this action, was never surveyed, it is insisted that the plaintiff's cannot maintain their suit. This branch of the defence rests upon the provisions of R. S., c. 66, § § 2 and 17. But we think the case is not within the spirit of the Act upon which the defendant relies. By the contract between the parties, the plaintiffs agreed to sell the defendant " boards sufficient to make ten thousand sugar box shooks, at their mills in Bath, for thirty cents for each and every box of the common size of sugar box shooks," &c. The contract, it will be perceived, was not for any definite quantity of boards, nor was the price dependent upon the contents as ascertained by a survey. The price could only be ascertained when the box shooks should have been manufactured. A survey would have been a mere idle ceremony and for no effective purpose whatever. Neither party had any interest in ascertaining the amount of such survey, as the result affected no one.

The contract under which the boards were delivered was not fully performed. The defendant claims to deduct from the amount, which would otherwise be due, the damages sustained by reason of the failure on the part of the plaintiff to perform his contract.

The early authorities in England and in this country are adverse to the allowance of the reduction claimed. The desire to avoid litigation, and to settle in one case mutual claims growing out of the same contract, has led to the allowance of claims for damage arising from fraud, failure of consideration or non-performance of the contract in reduction of damages. The defendant claims, that he has sustained damages from the failure on the part of the plaintiff to deliver boards sufficient to make the quantity of sugar box shooks specified in the contract. The evidence

offered to prove these facts was excluded, and erroneously excluded. *Reab* v. *McAllister*, 4 Wend. 483 ; S. C. 8 Wend. 109 ; *Still* v. *Hall*, 20 Wend. 51 ; *Blanchard* v. *Ely*, 21 Wend. 342. In *Butterman* v. *Pierce*, 3 Hill, 171, BRONSON, J., said, "where the demands of both parties spring out of the same contract or transaction the defendant may *recoup*, although the damages on both sides are unliquidated ; but he can only *set off* when the demands of both parties are liquidated or capable of being ascertained by calculation." When the plaintiff renders services under a special contract, which he afterwards violates, and then brings an action to recover the value of his services, the defendant may set off any payments he has made on account of the services and the damages he has sustained by breach of the contract. "The plaintiff," remarks Mr. Justice GILCHRIST, in *Elliot* v. *Heath*, 14 N. H. 131, "is entitled to recover of the defendant the value of his services and he has no right to complain if, against that value, the defendant be permitted to set off payments he has made and the damages sustained. If they are equal to the value of the services the plaintiff should not recover any sum whatever. If, on the other hand, they fall short, the plaintiff should recover a sum equal to the difference between them and the value of his services." *Herbert* v. *Ford*, 29 Maine, 546 ; *VanBuren* v. *Diggs*, 11 How. 461 ; *Mixer* v. *Coburn*, 11 Met. 559.

> *The default to be taken off*
> *and the cause to stand for trial.*