## GRIFFITHS VS. PARRY, and others.

A note procured by the payee from the maker, by falsely representing that he had paid the amount thereof to a third party for the maker's benefit, when, in fact, he had only paid a much less sum, is valid for the sum actually paid, and void only as to the residue.

APPEAL from the Circuit Court for *Racine* County.

Action to recover the amount of a promissory note for $281.13, signed by the defendant *Ann Parry* and by the defendant *Evans* as security. dated July 1st, 1859, payable two years after date.

The answer alleges, among other things, that in 1855 Joseph Parry, then the husband of the defendant *Ann Parry*, executed a mortgage to Hannah Felch securing the payment of $1,725, payable in five equal annual instalments on the 17th of April in each year thereafter; and that an instalment became due thereon in April, 1858, and the defendant *Ann Parry* was endeavoring to borrow the money with which to pay it, when it

was agreed that the plaintiff should let her have that sum, and a certain mare he then owned, for her promissory note for $200, payable in one year thereafter, and a colt she then owned, which colt was delivered and the mare received by her; and that the plaintiff falsely represented to her that he had paid the sum of $180 on the mortgage, and would pay the balance soon, and that relying on said statement, she executed the note for $200, as agreed upon, and that subsequently the plaintiff became the owner of a note given by said *Ann Parry* for $80, and procured her to give a new note, the one in suit, for the amount of this note and the said $200 note, with the defendant *Evans* as security, by falsely representing to the defendant *Ann Parry* that he had paid the sum of $200 on said mortgage, when in fact, he had paid only the sum of $100 thereon, and that she, confiding in said representation, executed the said note, with *Evans* as security.

At the trial, considerable evidence was given in support of these facts, and after the testimony had been closed, the court instructed the jury, "that if the plaintiff obtained the $200 note in May, 1858, by fraud, pretending to *Ann Parry* that he had paid that sum upon the mortgage for her benefit, when he had paid but $100, he could not recover for any part of the note in suit, but the whole would be justly forfeited and the note void"; to which instruction the plaintiff excepted. There was a verdict and judgment for the defendants, from which the plaintiff appealed.

*Paine & Millet,* for appellant.

*Strong & Fuller,* for respondents, contended that, if the note was void in part, it was void *in toto. Curtis vs. Leavitt,* 15 N. Y., 96.

*By the Court,* DIXON, C. J. The judge was wrong in charging the jury that if the $200 note, dated in May, 1858, was obtained by fraud, the plaintiff falsely representing that he had paid $200, upon the mortgage, when in fact he had paid but

$100, the note in suit was void, and nothing could be recovered upon it.   The note was good for the sum actually paid, and void only for the residue.   *Haycock vs. Rand,* 5 Cush., 26; *Hammott vs. Emerson,* 27 Me., 308; *Colburn vs. Ware,* 30 id., 202; *Deering vs. Chapman,* 22 id., 488; *Andrews vs. Wheaton,* 23 Conn., 112; *Wade vs. Scott,* 7 Mo., 509; *Brown vs. North,* 21 id., 528.

Judgment reversed, and a new trial awarded.