## ROSEBROOK and MOWERS vs. RUNALS.

*Breach of warranty of chattels — Nature of the right of action — To whom it belongs.*

1. The right of a party to plead a breach of warranty as to the quality of chattels sold to him, by way of defense, recoupment or counterclaim, in an action upon his contract to pay the price, does not

rest upon a failure of the consideration of such contract, but such plea is the setting up of one distinct claim against another. *Hiner v. Newton*, 30 Wis., 640.

2. The right to damages accruing from the breach of such a warranty belongs to the vendee of the chattels.

3. Where A. and B. jointly purchased chattels upon a warranty, and gave their joint notes therefor, secured by their joint chattel mortgage, and the mortgagees took possession on nonpayment of the last of said notes, A. and B., if still owners of the mortgaged property, might maintain an action to recover possession thereof on the ground that they had a claim for damages for breach of the warranty, to an amount equal to that of such unpaid note.

4. But after an assignment of B.'s interest in the mortgaged property to C., such action could not be maintained either by A. alone, or by A. and C., since the right to damages for breach of the warranty did not belong to them.

APPEAL from the Circuit Court for *Green Lake* County.

Replevin. The complaint merely avers that the defendant has become possessed of and wrongfully detains certain chattels of the plaintiffs, describing them and stating their value; and thereupon it demands judgment in the usual form. The answer alleges, in substance, the execution by the plaintiff *Rosebrook* and one Duncan, to Nichols & Shepard, of six notes and a mortgage securing the same, covering the property named in the complaint; the due filing of said mortgage, etc.; that defendant took possession of the property as the agent of Nichols & Shepard; and that, at the time he did so, two of the notes aforesaid were due and unpaid, and remained unpaid at the commencement of the action. At the trial, after the defendant had given evidence to sustain his defense, and rested, the plaintiffs proved that the notes mentioned in the answer were given in payment for a threshing machine sold to *Rosebrook* and Duncan by Nichols & Shepard; that the latter gave the purchasers at the time of the sale, a written warranty as to the quality of the machine (which warranty was read in evidence); and they then offered evidence to show a breach of such warranty, and damages to a greater amount than that of

the two unpaid notes aforesaid; but the evidence was rejected. There was a finding and judgment for the defendant, and the plaintiffs appealed.

*Hamilton & Sutherland*, for appellants, argued that the answer did not set up a counterclaim, but new matter in avoidance of the cause of action stated in the complaint, which was to be deemed controverted as upon a direct denial or avoidance, without any reply, under sec. 32, ch. 125, R. S.; and they cited *Roys v. Lull*, 9 Wis., 324; *Wood v. Lake*, 13 id., 84; and especially *Waddle v. Morrill*, 26 id., 611.

*E. L. Runals* and *L. E. Reed*, for respondent, argued, among other things, that the proper parties were not before the court, neither Duncan, one of the mortgagors, nor Nichols & Shepard, the alleged warrantors, being made parties, and the plaintiff *Mowers* having no interest. 2. No such matter can be tried without pleading it. 7 Hill, 429; 5 id., 71, 76; 3 Wend., 236. 3. The recoupment must be confined to an action brought on the contract. 2 Sandf., 239; 4 id., 147. 4. Plaintiffs' claim cannot be regarded as a valid *set-off*. (1.) The objections made to it as a recoupment would apply. (2.) It is not liquidated. 20 Wis., 390; 1 Cranch, C. C., 366, 385, 589; 3 McLean, 381. (3.) Defendant is not a party to the contract of warranty. 2 Brad., 24; 3 Wend., 400; 3 McLean, 229; 2 Cranch, 52, 226; 5 Cow., 231; 6 id., 261. 5. The amount of any valid recoupment or set-off to Shepard & Nichols' claims, could not be *applied* on those claims *until the trial*, and could not be effectual to make the defendant a *wrongdoer* a year before, when the suit was begun. Plaintiffs must show a right to the possession at the commencement of the action, and a wrongful withholding then. 3 Hill, 576; 1 Sandf., 32; 15 Wis., 223, 443. If their present claim can be maintained, then in all cases of chattel mortgages, securing a debt connected with a breach of warranty, the mortgagor may lie by until the property is taken on the mortgage by an agent who is ignorant of the facts, and then, without any demand or statement of his claim to recoup.

or any offer to discharge the mortgagee from his obligation for the breach of warranty, bring trespass or replevin without then setting out the facts, and at the trial, for the first time, disclose the grounds of his claim, and subject the agent, acting in utter ignorance of the facts and wholly unprepared to meet the plaintiff's evidence by counter proof, to damages and costs as a *wrongdoer*.

COLE, J.   This was an action of replevin to recover the possession of certain chattels, which the plaintiff *Rosebrook* and one Duncan had mortgaged to Nichols & Shepard.   The defendant, as agent of Nichols & Shepard, had taken possession of the property on default in the payment of two promissory notes executed by the mortgagors to the mortgagees, and which the chattel mortgage was given to secure.   It is admitted that the plaintiff *Mowers* had become interested in the mortgaged property — probably by purchase from Duncan; but the terms and conditions of the sale do not appear from the evidence.   On the trial, the defendant offered in evidence the chattel mortgage under which he had justified the taking of the possession of the property in his answer, and the unpaid notes which the mortgage was given to secure.   After the defendant had rested his defense, the plaintiff *Rosebrook* was sworn as a witness, who testified that he and Duncan bought of Nichols & Shepard the threshing machine, which was a part of the mortgaged property sued for, and for which six promissory notes were given, all of which had been paid except the two offered in evidence by the defendant.   He further testified that at the time of sale the vendors gave a written warranty of the machine to them ; and he proposed to show that there had been a breach of this contract of warranty, and " that at the time of the commencement of this action, there was nothing due the said Nichols & Shepard on said notes, by reason of the breach of said warranty."   This evidence was excluded by the court on objection taken by the defendant.   The exception arising upon this ruling is really the only question before us.

Were this an action between the vendors and vendees of the threshing machine, we think the claim for a breach of the warranty might be shown to overcome or rebut the defense. It would be in the nature of a counterclaim set up by a defendant, and might perhaps be governed by analogous principles. This court has held in a number of cases that where there has been a failure of consideration, total or partial, or a breach of warranty, all or any of these facts may be relied on in defense by a party sued upon such contract, and that he need not necessarily resort to a cross action for redress. *Thomas v. Thomas*, 7 Wis., 476; *Griffiths v. Parry*, 16 id., 218; *Peterson v. Johnson*, 22 id., 21; *Hubbard v. Galusha*, 23 id., 398; *Smith v. Carter*, 25 id., 283. Therefore were this an action between *Rosebrook* and Duncan as plaintiffs and Nichols & Shepard as defendants, there might be no serious difficulty in working out and enforcing the rights and obligations of the parties growing out of the sale of the threshing machine with the written warranty offered in evidence. In the case supposed, if the plaintiffs could show that they had sustained damages by a breach of the warranty, exceeding the amount due upon the notes, the court might well adjudge upon these facts that the lien of the mortgage was gone. But this is not such an action. Here the attempt made is, that one plaintiff interested, and another plaintiff not apparently interested, in the claim for a breach of the warranty, should litigate that question in this action for the possession of the mortgaged property, while Duncan, one of the parties with whom the contract of warranty was made, is not before the court. It is not obvious upon what principle this can be done.

Of course, the cause of action arising from the breach of warranty is one in favor of *Rosebrook* and Duncan. The contract of warranty was made with them, and they are the proper parties to enforce it. Had they been sued upon the notes, they might have set up this cause of action by way of recoupment or counterclaim, or made it the ground of an independent

action. But what concern has the plaintiff *Mowers* with the subject matter of that action? It does not appear that it has ever been assigned to him, or that he has any interest whatever in it. And although the plaintiff *Rosebrook* may have sustained damage by reason of the breach of warranty, yet, so far as the case shows, this damage has been sustained jointly with another not a party to the action, and who will not be concluded by the judgment. It is not a claim in his favor alone, but one belonging to him and another person. How can he have the benefit of that cause of action in this proceeding?

It is said the plaintiffs sought to show that there was nothing due upon the notes and mortgage by reason of a total failure of a part of the machine; in other words, that the damage sustained by the breach of warranty was sufficient to extinguish the amount due on the notes. That is to say, the plaintiffs should recover possession of the chattels in controversy, not because the lien has been discharged, but for the reason that Nichols & Shepard are liable to pay *Rosebrook* and Duncan an amount of damages sufficient to discharge it. This is the logical result of the claim of the plaintiffs. And when stated in this form the unsoundness of the position becomes apparent.

It is true that if this claim, attempted to be set up against the mortgage, was one which went to the very existence of the lien itself— like payment, for instance— then the plaintiffs, by reason of ownership, might insist upon it, and have the benefit of it in this action. But that is not the case. Here the claim is, that there is nothing due on the chattel mortgage because of the breach of another contract, that of warranty, which the mortgagees entered into at the time this mortgage lien was created. The difficulty with the case is, that the real parties in interest, who have the right to insist upon this breach and to recover damages for it, are not before the court.

In this case it was proposed to show that there was a failure of the consideration of the notes by reason of the breach of warranty. But, as is very clearly shown by Mr. Justice SEL-

DEN in *Gillespie v. Torrance*, 25 N. Y., 306, the right of a party to avail himself of a breach of warranty as to the quality of chattels sold, by way of defense, recoupment or counterclaim, does not rest upon a failure of the consideration of the contract on which the action is founded, but is the setting off of one distinct claim against another. He well remarks in the opinion, that a careful examination of the subject will lead to the conclusion that wherever recoupment strictly such is allowed, distinct causes of action are set off against each other. And that view of the law was adopted by this court in *Hiner v. Newton*, 30 Wis., 640, where it was held, in an action by the payee against the accommodation indorser of a note given for machinery to be manufactured for the maker, the defendant could not in law counterclaim for damages to the maker arising out of the defective construction of such machinery. The principle of the decision was, that damages for the breach of warranty constituted a counterclaim, and did not rest upon a failure of consideration, and that such damages belonged to the maker of the note or vendee of the chattel sold. That decision is a strong authority against the claim of the plaintiffs in the present action. In order to show that the mortgage debt has been paid, the plaintiffs seek to recoup or counterclaim for a breach of warranty which belongs to *Rosebrook* and Duncan, and not to them. And, as already remarked, if Nichols & Shepard had brought an action upon these notes secured by the mortgage, against the makers, the latter would have had the right of election to set up their damages by way of recoupment or counterclaim in that suit, or to reserve it for a cross action. And because those damages did not belong to the plaintiffs, but to *Rosebrook* and a party not before the court, who alone, so far as appears, had the right to recover them by action, the court properly excluded the evidence offered.

It follows that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.