STECKBAUER, Appellant, vs. LEYKOM and another, Respondents.

*December 8, 1906—January 8, 1907.*

*Setoff and counterclaim: Parties: Sales: Failure of consideration: Measure of damages.*

1. Defendants negotiated for the purchase of a part interest in a manufacturing plant, of which plaintiff and M. were each a one-fourth owner. Plaintiff made sale of one half of his one fourth through M. as his agent. Plaintiff and M. each took a separate note for the consideration. *Held*, under these circumstances, if defendants had a valid claim for partial failure of consideration, they could counterclaim for a proportionate amount of damages in a suit by plaintiff on his note, although M. was not a party to the suit.

2. Plaintiff brought an action on a note evidencing the consideration defendants agreed to pay him for the sale and transfer of his interest in the net assets of a manufacturing business. The purchase was made in reliance on the statements contained in an inventory, purporting to give a full, complete, and correct statement of the resources and liabilities of the business, which was admittedly incorrect. Defendants had given plaintiff a note for the proportionate part of the consideration moving to him. *Held*, that thereby was established a partial failure of consideration and a defense *pro tanto*, properly enforceable by way of counterclaim in an action on the note, and the fact that the misstatements were not made wilfully did not affect defendants' rights.

3. The statements in the inventory being in fact untrue, although the party making them at the time believed them to be true, were a legal wrong for which relief should be awarded, upon the ground that the party making them must be held to respond for the injury done in assuming to know and to represent as facts things which did not actually exist, but upon which the other party relied to his damage in making the purchase.

4. Where one bought for $2,000 an eighth interest in a manufacturing business on the basis of $16,000 of net assets, while the inventory showed somewhat over $18,500, his damages by reason of an overstatement of the resources to the amount of $1,050 is not one quarter of that sum, but one eighth of thirty-two thirty-sevenths thereof.

APPEAL from an order and a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Modified and affirmed.*

Prior to October 1, 1903, the plaintiff was associated with one Thomas E. Mullen and one C. W. Fish as copartners in doing a sawmill, lumber, and mercantile business at Elcho, Wisconsin. Fish owned a one-half interest in the business, and the plaintiff and Mullen each a one-quarter interest. Shortly prior to October 1, 1903, these partners had taken and made an inventory of the partnership business, and had reduced it to a written statement, of which they each knew the contents. It showed total resources of $27,278.97 and total liabilities of $8,718.02, leaving assets over liabilities of $18,560.95. In the following November, Mullen negotiated with defendants for the sale to them of a quarter interest in the firm business. Of this Mullen informed plaintiff, and suggested that plaintiff and he each sell one half of his interest, one eighth of the whole, to defendants. Mullen dealt principally with the defendant *Findeisen.* The negotiations as to the amount of the assets of the firm were conducted on the facts shown by this inventory, a copy of which was in the possession of Mullen. This was exhibited to *Findeisen,* by whom it was inspected, and the defendants' purchase was made upon the facts shown by this statement. Upon the condition that the new partnership pay all the outstanding obligations and demands of the old firm, the defendants agreed to pay $4,000 for a one-fourth interest in the firm property and business. The only information given the defendants as to the amount of such outstanding obligations of the old firm at this time was the amounts and items specified in this inventory. The sale was consummated by defendants giving two notes of $2,000 each, one payable to plaintiff for one half of his interest, and the other to Mullen for one half of his interest. The defendants went into possession. About one month thereafter the new firm organized as a corporation with

$30,000 capital stock. This was apportioned to the members in proportion to their interest in the firm property, and this property was transferred to the corporation as payment for the stock. It was discovered at this time that the inventory on which the sale had been made to the defendants did not correctly represent the status of the old firm's condition. An error as to the actual amount of the resources in the sum of $500 had been made through addition; there was actually $550 less slabbing than inventoried; and $1,573.78 of outstanding claims and liabilities, which were to be paid by the new firm, had been omitted from the inventory and statement. The following year, before full payment of plaintiff's note, defendants demanded of plaintiff that they be allowed credit for this shortage in assets and excess in liabilities in the proportion the interest purchased from plaintiff bore to the whole of the net assets of the firm. This plaintiff refused to do. Defendants paid Mullen's note and $1,000 to plaintiff on the note in suit. Plaintiff brings this action to recover the balance of $1,000 due on this note, with accrued interest. Defendants assert the right to reduce this amount, by way of counterclaim, by such part of the damage they claim to have suffered as is chargeable against plaintiff. The parties waived a jury and stipulated as follows:

"It is hereby stipulated and agreed by and between the parties to this action that the amount of the several items claimed by the defendants in their counterclaim are as follows: For error in footing $500. For shortage of slabs $550. Amount due for insurance October 1, 1903, $144.48. On the 12th day of November $266.53. G. W. Jones Lumber Company bill $869.10. John Martin $35.11. Bert Merrill $33.40. Antigo Iron Works $307.03. J. C. Lewis Co. $159.50. M. Blitzen $125. Making a total of $2,745.76. And that the amount to be recovered by the defendants, if they recover anything on their counterclaim, is to be determined by the court upon the basis of the figures contained in this stipulation, and any other disputed question of fact may be found and determined by the court."

The court's finding is in substantial accord with the foregoing facts. Judgment was awarded plaintiff for the amount due on the note, less the sum of $327.69, the amount of damages apportioned against plaintiff. The court held that defendants had a right to recover on the loss they sustained by reason of the difference between the net assets of the firm when the defendants bought in and that represented by the inventory exhibited to them by Mullen, and on which they relied in making the purchase from plaintiff and Mullen. This is an appeal from such judgment and an order overruling the demurrer to defendants' counterclaim.

For the appellant the cause was submitted on the brief of *Max Hoffman,* and for the respondents on that of *Foster & Morson.*

SIEBECKER, J. Plaintiff's contention that defendants' counterclaim is not available because Mullen was not a party to this action was properly overruled. It appears that defendants conducted all the negotiations for the purchase of a part interest in the property of the Fish & Mullen Lumber Company, of which plaintiff was a member, with Mullen. It is also shown that plaintiff made a sale of one half of his one-quarter interest in this company through Mullen as his agent for the sum of $2,000. It is obvious from the transaction that plaintiff's transfer of part of his interest amounted to a separate sale by him, and was independent of the transfer made by Mullen to defendants. Each of them took a separate note for the consideration, fixed at $2,000, which defendants agreed to pay each of them separately. Under these circumstances the counterclaim for a proportionate amount of the damages could be properly asserted in his suit on the note, if defendants have a valid claim.

The contention is made that defendants' alleged counterclaim is insufficient in that it fails to show facts sufficient to constitute a fraud, and that if sufficient in this respect they

cannot avail themselves of any relief under it, because no rescission of the contract is alleged. These same questions are raised upon the merits of the case, and we may therefore consider them as to both phases of the case. No claim is made that there was a rescission of the sale. This fact obviates the necessity of considering what would be the rights of the parties had a rescission taken place. The situation then is: Plaintiff brings this action on a note evidencing the consideration defendants agreed to pay him for the sale and transfer of one half of his interest in the net assets of the Fish & Mullen Lumber Company. If the defendants were in fact damaged in the transaction and have a valid claim, can they assert such damage to reduce plaintiff's demand on the note? The practice of allowing damages arising from fraud, mistake, partial failure of consideration, or nonperformance of some of the contract obligations to be counterclaimed by way of recoupment in actions for the recovery of the consideration agreed upon in such cases has been established to avoid circuity of actions and multiplicity of suits when such a claim can be adjusted in a suit to enforce payment of the consideration of such transfer without depriving the parties of any of their rights in the matter. Such defense has been recognized as proper in an action on a note given to evidence the consideration. The following cases in this and other courts may be consulted as sustaining this practice: *Griffiths v. Parry,* 16 Wis. 218; *Peterson v. Johnson,* 22 Wis. 21; *Butler v. Titus,* 13 Wis. 429; *Gamache v. Grimm,* 23 Mo. 38; *Wyckoff v. Runyon,* 33 N. J. Law, 107; *Stacy v. Kemp,* 97 Mass. 166; *Burnett v. Smith,* 4 Gray, 50; *Hodgkins v. Moulton,* 100 Mass. 309; *Davis v. Wait,* 12 Oreg. 425, 8 Pac. 356; *Herbert v. Ford,* 29 Me. 546; *Mercer v. Clark,* 3 Bibb, 224; *South Mil. B. H. Co. v. Harte,* 95 Wis. 592, 70 N. W. 821. The right to counterclaim damages under such circumstances in actions by one of the parties to the contract has been repeatedly upheld by this court. *Miner v. Medbury,* 6 Wis. 295;

*Rosebrook v. Runals,* 32 Wis. 415; *Smith v. Carter,* 25 Wis. 283; *Schweickhart v. Stuewe,* 71 Wis. 1, 36 N. W. 605; *Montreal River L. Co. v. Mihills,* 80 Wis. 540, 50 N. W. 507; *Standard Mfg. Co. v. Slot,* 121 Wis. 14, 98 N. W. 923; *Bird v. Kleiner,* 41 Wis. 134; *Rogers v. Humphrey,* 39 Me. 382; *Hathaway v. Hagan,* 59 Vt. 75, 8 Atl. 678; *Racine Co. Bank v. Keep,* 13 Wis. 209; *Walker v. Wilson,* 13 Wis. 522; *Akerly v. Vilas,* 15 Wis. 401; *Akerly v. Vilas,* 21 Wis. 88.

It appears that defendants made the purchase of an interest in the firm property and business in reliance on the statements in the inventory, purporting to give a full, complete, and correct statement of the resources and the liabilities of the firm. It is now admitted to have been incorrect in both respects, by overstating the resources in the sum of $1,050 and in omitting liabilities to the amount of $1,573.76. True, it does not appear that such misstatements were wilfully made. This, however, does not affect the right of defendants to recoup against plaintiff. The fact that defendants were led to pay the consideration upon the admitted representations that they were to have an interest in property valued at $1,050, which plaintiff and his associates did not possess, and that they were required to contribute their share to pay $1,573.76 of prior debts, not included in the statement of liabilities, and for which they became obligated through the incorrect statements of the inventory and the representations of plaintiff's agent Mullen, establishes a partial failure of consideration and is a defense *pro tanto,* and may properly be enforced by way of counterclaim in the action to recover the consideration for the purchase of the property involved. If the statements of the inventory were in fact untrue, though the party making them at the time believed them true, it is a legal wrong for which relief is awarded, upon the ground that the party making them must be held to respond for the injury done in assuming to know and to represent as facts things which did not actually exist, but on which the other party

relied to his damage in making the purchase. Its operation is in the nature of a constructive fraud. We are not clear whether the trial court regarded the evidence in this light or whether the stipulation of the parties was held to be an agreement that there was a partial failure of consideration, and that an allowance of damages, on the basis of the items stipulated, was to be made defendants by way of reduction of plaintiff's claim. However that may-be, we are of the opinion that, under the evidence and facts stipulated, the court was justified in proceeding upon either theory. Whichever one was followed would lead to the same result, namely, that defendants were entitled to a reduction of plaintiff's claim on account of the loss they sustained by reason of the errors in the inventory.

The court allowed defendants one eighth of the damages against plaintiff. This must have been upon the ground that plaintiff was liable to this extent because defendants acquired a one-eighth interest in the business and property of the firm. We perceive no error in applying this rule to the amount of liabilities they paid in addition to those specified in the inventory, but we do not find that this would be the correct measure of damage for the $1,050 deficiency in resources. Defendants purchased into the firm on the basis of $16,000 net assets, while the inventory showed an amount somewhat over $18,500. Under these circumstances the amount allowed should be not to exceed one eighth of thirty-two thirty-sevenths of the whole as the proportional loss due to such $1.050, to be borne by plaintiff, because of the 'diminution of resources. This would be substantially the sum of $113.20, which is to be deducted instead of the full one eighth allowed by the court. This with $196.72, which is one eighth of the excess of liabilities, make the total which should have been allowed. This matter was not specifically brought to the attention of the lower court. Had it been, the court would undoubtedly have made the allowance in this amount. We will therefore

modify the judgment in this respect and affirm it in all other respects.

*By the Court.*—The judgment is modified by deducting the sum of $18.05 from the sum allowed as damages to the defendants, so that plaintiff shall have judgment for $763.67, and as so modified the judgment is affirmed; neither party to recover costs on this appeal, but respondent to pay the clerk's fees in this court.