JONES and another, Respondents, vs. KEEFE, Appellant.

*January 13—February 9, 1915.*

*Contracts: Parol evidence to vary writing: Sale of automobile: False representations: Warranty: Breach: Recoupment: Evidence: Pleading: Counterclaim.*

1. Where a second-hand automobile was sold and delivered under a written contract, plain and unambiguous in its terms and containing a statement that there were no verbal understandings, promises, or agreements except those specified therein, parol evidence of representations as to the age and condition of the car, alleged to have been made by the vendors in negotiating the sale, was not admissible to vary the contract.

2. In an action upon a note given for the purchase price of an automobile which was "guaranteed" by the vendors for one year, the trial court properly held, as matter of law, that the evidence did not tend to show any breach of the warranty by neglect or refusal of the vendors to make such repairs as were required thereby.

3. An answer setting up a claim for recoupment of damages by reason of a breach of warranty of goods sold, is sufficient to raise the question of defendant's right to such damages, even though judgment therefor is not formally demanded by way of counterclaim.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

This is an action upon a promissory note given as a re-

newal of two previous notes for the purchase price of an automobile and some items of charges for supplies.

The plaintiffs are copartners engaged in the automobile business in the city of Green Bay. The defendant is a farmer living in Brown county. In June, 1912, the plaintiffs sold the defendant a second-hand automobile for $650. The defendant paid $50 in cash and gave two notes, one for $200 and one for $400, due in thirty and ninety days respectively. The thirty-day note was renewed, and upon October 1st was combined with the ninety-day note and renewed. This latter note was renewed, and there were added to it certain charges against the defendant for gasoline and automobile accessories, making the note amount to $615. The defendant had made some small payments on the notes, but the payments had not equaled the interest and other charges. This note for $615 was made on November 1st and became due on December 1st. On demand of payment the defendant offered to make a small payment and renew, but the plaintiffs insisted on payment in full. The defendant then refused payment, claiming that the automobile was so defective and unfit for use that it did not comply with and fulfil the warranties made by the plaintiffs in their contract of sale. At the time of the sale by the plaintiffs to the defendant a written contract was entered into which in part stated: "It is mutually understood that this automobile is guaranteed by the West Side Garage for a period stated below. One year." The contract also contains the following: "It is understood and agreed that there are no verbal understandings, promises, or agreements made by any agent, salesman, or employee pertaining to this order that are not clearly specified therein."

The defendant by further answer to the complaint alleged by way of defense and by way of counterclaim that he purchased the automobile of plaintiffs; that the automobile was not in first-class condition and was only of the value of $300; that the defendant at the time of the purchase relied wholly

upon representations made by the plaintiffs and that these representations were false; that defendant did not know them to be false and relied upon them and was thereby induced to purchase the machine. Further, that the written warranty entered into at the time of the sale has been· breached, and that the defendant by these misrepresentations was damaged in the amount of $300. The defendant offered to permit the plaintiffs to take judgment for the sum of $250.

The circuit court excluded all evidence of representations which defendant alleges were made to him by plaintiffs and on which he relied in making the purchase of the car, upon the ground that the written contract contained all of the agreement and therefore the alleged warranties not contained in the contract were not to be considered as part thereof.    The circuit court directed a verdict for the plaintiffs for the amount due on the note and awarded judgment in the sum of $658.50.    From such judgment this appeal is taken.·

For the appellant there was a brief by *Martin, Martin & Martin* and *G. F. Clifford,* and oral argument by *Mr. Clifford.*

For the respondents there was a brief by *Cady, Strehlow & Jaseph,* and oral argument by *Samuel H. Cady.*

SIEBECKER, J.    It is contended that the court erred in excluding evidence of the representations made by the plaintiffs respecting the age of the car and its fitness for use as an automobile.    The purpose of the evidence was to show that the car, as to its condition and fitness for use, did not comply with the representations the plaintiffs made in this respect when the sale was negotiated.    The parties to the written order for· the car do not dispute that it was mutually accepted by them in making the sale and purchase of the automobile.    By this. writing the defendant agrees to purchase the car in question. at the agreed price of $650, and pay this sum as stipulated. The order also contains the two agreements above stated,

whereby the plaintiffs guaranteed the car for a period of one year and in effect stipulated that there were no verbal understandings, promises, and agreements not specified therein. It is clear from the evidence that the defendant accepted the car under this written order and that he gave his notes for the unpaid purchase price as therein specified and that the plaintiffs treated the order as the contract of sale and made delivery of the car pursuant thereto. The allegations of the answer, by way of defense and by way of counterclaim, in effect charge the plaintiffs with a breach of the contract of sale, in that the car does not fulfil the representation that plaintiffs made respecting its age and its condition and fitness for use as an automobile. The evidence which referred to statements not embraced in the terms of the written order was properly excluded by the court. The terms of sale were finally reduced to writing, and this excludes evidence of oral negotiations preceding it, if the terms are free from ambiguity. The contract terms are plain and definite in meaning when applied to the subject of the transaction and cannot be varied or modified by oral evidence. *Johnson v. Pugh,* 110 Wis. 167, 85 N. W. 641; *Newell v. New Holstein C. Co.* 119 Wis. 635, 97 N. W. 487. The clause of the contract that no verbal agreements were entered into not expressed in writing is expressive of the intent and purpose of the parties that all the terms and conditions of the sale are embraced in it. This stipulation supports the position that the negotiations were finally embodied in the written agreement.

It is contended that the court erred in holding that the evidence as a matter of law did not tend to show that there was a breach of the written warranty guaranteeing this automobile for a period of one year. The court interpreted this guaranty as warranting the car when sold to be in a condition fit for use and that it would run for a year, when used by the defendant in his business, as contemplated by the parties, with proper care and use, if the plaintiffs made the necessary

repairs incident to such use. We find the record fully sustains the trial judge in holding that the evidence will not sustain a finding that the plaintiffs neglected or refused to make repairs of any defects in the machine which prevented the machine from running as contemplated in the guaranty. The defendant and his daughter make the naked statement that the car would not run, but this is wholly overcome by their own statements describing what use they actually made of it. Their complaint concerning the want of power is neutralized by their evidence, which shows they used it and that when they had any trouble in this respect it was remedied by the plaintiffs when brought to their attention. It is undisputed from the facts and circumstances shown that the defendant used the car, that it did run, and was operated in his business. It also appears that the plaintiffs did not fail to make such repairs as were required of them under the written guaranty.

The suggestion that defendant's pleadings are insufficient to raise these questions because the answer does not formally demand judgment by way of counterclaim is not well founded. The allegations of the answer must be given a liberal construction, and when so construed they sufficiently allege a claim for recoupment, if the evidence had shown that defendant sustained damages by reason of a breach of the contract of sale. *Manning v. School Dist.* 124 Wis. 84, 102 N. W. 356; *Steckbauer v. Leykom,* 130 Wis. 438, 110 N. W. 217; *Rib Falls L. Co. v. Lesh & M. L. Co.* 144 Wis. 362, 129 N. W. 595.

The action of the trial court by directing judgment for the recovery of the amount due on the note was correct because the evidence does not support the claim that plaintiffs in any way breached the contract of sale.

*By the Court.*—The judgment appealed from is affirmed.