WULFERS, Appellant, vs. E. W. CLARK MOTOR COMPANY, Respondent.

*May 11—June 6, 1922.*

*Sales: Parol evidence: Incomplete instruments: Fraud: Pleading: Amendment from contract to tort.*

1. Where a contract for the sale of an automobile contained specifications as to price, terms, etc., and also a clause "all other agreements," followed by specifications as to extras and mechanical condition of the car, but the blank provided for the serial number was not filled in, the purchaser was not precluded from showing that the defendant's agent had misrepresented the year model of the machine and had by design omitted to insert the serial number, which would disclose such year model, in the appropriate blank.

2. The rule excluding parol evidence to explain writings does not apply when the instrument is incomplete or when fraud is in issue.

3. The common-law rule that a complaint sounding in contract cannot be amended so as to charge fraud has been expressly changed by sec. 2669a, Stats., and the complaint can be so amended where the proof shows all the elements of fraudulent representations.

4. Where no amendment of a complaint on contract was asked to conform to the proofs, the supreme court has a right to treat the pleadings as properly amended to conform to the proof in order to support a judgment for plaintiff.

APPEAL from a judgment of the circuit court for Milwaukee county: E. C. HIGBEE, Judge. *Reversed.*

For the appellant there was a brief by *Kanneberg & Darnieder* of Milwaukee, and oral argument by *Francis A. Darnieder.*

*Walter F. Mayer* of Milwaukee, for the respondent.

JONES, J.   The complaint in this action alleged that the defendant warranted a Maxwell automobile to be a 1919 or late 1918 model and that plaintiff was thereby induced to buy it, when it was in fact a 1917 model and of greatly inferior value.   The answer denied that the representa-

tions were made and alleged that the car was carefully inspected by the plaintiff.

The case was tried in the civil court of Milwaukee county without a jury, and the court found that the false representations were made with intent to deceive, and that plaintiff relied on them and was thereby induced to buy the machine; that the 1917 model was much less valuable than the other; that the year model of the car was indicated by the serial number, and that there were no other marks of identification by which persons unfamiliar with the Maxwell cars could ascertain the year model of any particular Maxwell car; and that in the order signed by plaintiff the agent by design and to prevent the discovery of his misrepresentations left in blank the space provided for the serial number of the car. It was further found that the defendant caused the car to be described in an insurance policy as a 1918 model with intent to deceive the plaintiff, and that the written order did not embody the entire agreement between the parties and did not identify the automobile. Judgment was rendered for the plaintiff but was reversed in the circuit court.

Respondent's counsel argue that the judgment was properly reversed by the circuit court on the ground that parol evidence was improperly admitted by the trial judge as to the representations claimed to have been made. This claim is based partly on the fact that in the body of the order the following language was used: "All other agreements. Time plan extra. Must be in first-class condition mechanically."

This language was preceded and followed by other terms as to price, time of delivery, and terms of payment. It is claimed that this language constitutes an agreement that the writing is a completed contract and excludes all parol evidence as to any other representations which may have been made.

This argument would be sound if it was more clearly

stated in the order that it contained the entire agreement and that no other evidence of the same could be received, and if it were not apparent from the face of the order that there was an omission of something which proved to be very material.

Respondent's counsel greatly rely on the case of *Jones v. Keefe,* 159 Wis. 584, 150 N. W. 954, where the contract contained the following language:

"It is understood and agreed that there are no verbal understandings, promises, or agreements made by any agent, salesman, or employee pertaining to this order that are not clearly specified therein."

In that case there was nothing on the face of the contract showing it was incomplete, and the language excluding verbal understandings was clear and unambiguous. Moreover, there was no claim of fraud.

The rule excluding parol evidence to explain writings does not apply when the instrument is. incomplete or when fraud is in issue.   It is true that in this case fraud was not alleged in the complaint.   But it is clear from the course of the trial that the defendant and his counsel must have known that plaintiff was relying on representations known to be false by defendant's agent as to important and material facts.

The trial court found that false and material representations were made by defendant's salesman; were relied on by plaintiff; and induced him to buy to his damage, and were made with intent to deceive.   These misrepresentations included every essential ingredient of fraud.   The question arises, although not argued by counsel, whether, since the complaint does not sound in tort, fraudulent representations can be made the basis of recovery.   Under the old rules of procedure the complaint could not have been so amended as to charge fraud.   The gulf between actions of tort and contract was too wide to be bridged by amendment.   But the old rule has been expressly changed by statute.   Sec.

2669a, Stats. In this case no amendment was made and none seems to have been asked. Nevertheless the trial court had the right to direct the complaint to be so amended as to conform to the proofs, and this court has the right to "treat the pleadings as properly amended in order to support a judgment which in all other respects is manifestly right." *Swanby v. Northern State Bank*, 150 Wis. 572, 577, 137 N. W. 763; *Samuel Meyers, Inc. v. Ogden Shoe Co.* 173 Wis. 317, 181 N. W. 306; *Klaus v. Klaus*, 162 Wis. 549, 156 N. W. 963.

Since we are convinced that on the facts proven in the civil court plaintiff was entitled to recover the judgment which was entered, we conclude that it should be sustained notwithstanding the variance between the complaint and the proof.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the judgment of the civil court.