KLAUS, Respondent, vs. KLAUS, Appellant.

*February 22—March 14, 1916.*

*Divorce: Cruel and inhuman treatment: Evidence: Sufficiency: Plead-*
*ing: Particularity: Variance: Amendment to conform to proof:*
*Final division of property.*

1. Findings as to the cruel and inhuman treatment of a wife by her
   husband, upon which a judgment of divorce was based, are *held*
   to be sustained by the evidence.
2. Where the conduct complained of constitutes a continued course
   of ill-treatment, particularity in the allegations as to time and
   place becomes unimportant and generally impracticable and
   should not be required.
3. Where a good cause of action within the jurisdiction of the court
   was established on the trial and all controversies in respect
   thereto were fully and fairly tried without objection, a variance
   between the allegations of the complaint and the evidence is not
   material, and the complaint may be amended to correspond with
   the facts proved or, on appeal, may be deemed to have been so
   amended if necessary to sustain the judgment.
4. A final division of property in a divorce action, restoring to the
   wife, subject to a charge of $800 in favor of the husband, real
   estate of the value of $6,000 which she had owned before mar-
   riage and the parties had lived upon but which had been con-
   veyed by her to the husband, who paid off a mortgage and made
   improvements; awarding to the wife the household furniture ex-
   cept furnishings for one bedroom; and vesting title to the re-
   mainder of the property, valued at $3,156, in the husband,—is
   *held* to have been just and proper.

APPEAL from a judgment of the circuit court for Racine
county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This is an action for divorce on the ground of cruel and inhuman treatment.

The plaintiff and defendant were married about the month of January, 1891, and from the time of their marriage to the commencement of this action they have continuously resided in the city of Racine. The issue of the marriage is one daughter, Josephine, who is now twenty-four years of age and able to care for herself. By a former marriage the plaintiff had three children, two boys and a girl. These children lived with the parties and contributed all of their earnings toward the maintenance of the home up to the time they became twenty-two years of age. Thereafter the two sons paid $5 per week for board and the daughter paid $3.50 per week for board while residing at the home of the parties. At the time of marriage the plaintiff owned about two acres of land in the city of Racine upon which was situated a brick veneer house. At this time there was a $600 mortgage on this property and the plaintiff was otherwise indebted in the sum of $100. The defendant paid this $700. During the year 1905, Douglas avenue, the street plaintiff's property was located on, was paved and an assessment levied against her property. The defendant refused to pay this assessment unless he was given a lien on the land, so the plaintiff gave him a quitclaim deed of the premises.

The complaint alleges generally cruel and inhuman treatment, and specifies that about ten years ago the defendant assaulted the plaintiff and knocked her against a building in the yard, causing the plaintiff to become unconscious; that the defendant left their home various times for several days at a time, and that on the 25th day of January, 1915, he deserted plaintiff and refused to return to their home; that defendant on numerous occasions criticised the plaintiff in a cruel manner for procuring improper food for the family, and on one occasion took some of the food from their home and exhibited it to the workmen at the place where he was

employed for the purpose of humiliating and degrading the plaintiff. The plaintiff further alleges that she maintained upon the land adjoining the house a large market garden which produced sufficient income to provide the family with groceries, and that the defendant is the owner of personal property of the value of $4,000 besides what remains of the real estate he obtained from the plaintiff, of the value of $6,000.

The court found that the plaintiff was entitled to a divorce from the bonds of matrimony on the ground that soon after the marriage defendant began to practice toward the plaintiff a course of cruel and inhuman treatment without cause, justification, or excuse. The acts of cruelty found by the court were that on numerous occasions defendant struck and kicked the plaintiff, used vile and opprobrious epithets toward her, wrongfully accused her of procuring improper food for the family and of being improvident in not saving money, and that defendant otherwise caused her great humiliation; that on the 25th day of January, 1915, the defendant left his home and refuses to return; that all of said conduct of defendant has been largely without fault on the part of the plaintiff and has resulted in seriously affecting her health and renders it unsafe for her to longer live with the defendant as his wife. The court also found that the value of the real estate owned by the defendant was $6,000 and the personal property, mortgages, money, and other securities of the value of $3,156, making a total of $9,156, beside the household furniture.

The judgment dissolves the bonds of matrimony between the parties and provides:

"That as and for a final division of all the property of the parties to this action and in lieu of all court costs, permanent alimony, and further allowance of attorney's fees, there be and hereby is awarded to the plaintiff, *Gertrude Klaus,* free and clear from all claims and demands of the defendant, *Clemens Klaus,* except as hereinafter stated, the following

described real and personal property, to wit:" [description of real estate], "and the title to said premises be and the same hereby is absolutely vested in fee simple in the plaintiff, *Gertrude Klaus,* subject, however, to the payment by said plaintiff, *Gertrude Klaus,* to the defendant, *Clemens Klaus,* of the sum of $800" [specifications of payment]; "that in addition to the real estate above awarded to the plaintiff there is hereby awarded to the plaintiff all of the household furniture of the parties to this action, including the piano and stoves, excepting only one bedroom set, with bedding, together with sufficient chairs to properly furnish a bedroom, is hereby awarded to the defendant."

It is further provided in the judgment "that all of the rest, residue, and remainder of the property of the parties to this action be and the same is vested in the defendant, *Clemens Klaus,* free and clear of all claims and demands of the plaintiff, *Gertrude Klaus.*" From such judgment this appeal is taken.

For the appellant there was a brief by *Heck & Krenzke,* and oral argument by *Charles Krenzke.*

For the respondent there was a brief by *Thompson, Myers & Kearney,* and oral argument by *Peter J. Myers.*

SIEBECKER, J. The appellant assails the findings of the court upon the ground that the evidence does not sustain the court's findings of fact. We are satisfied upon the record that the evidence abundantly supports the facts found. The argument is made that the evidence wholly fails to show any specific times and occasions when defendant was guilty of treating plaintiff in a cruel and inhuman manner. The court's conclusion that the defendant ill-treated plaintiff throughout the period of their married life and that such treatment was cruel is not against the preponderance of the evidence and hence cannot be disturbed.

The point is made that the allegations and the proof are too general and indefinite to constitute a legal cause of action. There were no objections made at the trial upon the ground

that the pleadings were insufficient nor was objection to the evidence offered. It also appears that defendant was fully prepared to defend the action and that the action has been fully and fairly tried. An inspection of the complaint shows that it alleges a good cause of action under the statutes. In addition to the evidence showing a general and continuous course of defendant's ill-treatment of plaintiff, it also appears that he, on one occasion about two years ago, before he left their home in January, 1915, assaulted, beat, and injured her. It is claimed that no such specific allegation is made in the complaint and hence the alleged cause of action must fail. Where the conduct complained of constitutes a continued course of ill-treatment, particularity of time and place becomes unimportant and generally impracticable and should not be required. *Smedley v. Smedley,* 30 Ala. 714; *Cole v. Cole,* 23 Iowa, 433. The objection that the evidence and allegations of the complaint are at variance is of no merit. This is aptly answered in the opinion of the court in *Bieri v. Fonger,* 139 Wis. 150, 120 N. W. 862, ". . . if a good cause of action is established upon a trial and all controversies in reference to the matter are fully tried without objection and such cause is within the jurisdiction of the court and might have been but was not fully pleaded or was not the particular cause of action the pleader had in mind at the outset, though the facts are fairly stated, the complaint may be amended to correspond with the cause proved either before or after verdict, saving the substantial rights of the adverse party or, if need be to sustain the judgment, it will, on appeal, be deemed amended in accordance with the judgment." See, also, *Matthews v. Baraboo,* 39 Wis. 674; *Monk v. Hurlburt,* 151 Wis. 41, 138 N. W. 59; *Hopkins v. C., M. & St. P. R. Co.* 128 Wis. 403, 107 N. W. 330; *Kleimenhagen v. Dixon,* 122 Wis. 526, 100 N. W. 826; *Aschermann v. Philip Best B. Co.* 45 Wis. 262; ch. 219, Laws 1915, and sec. 2669a, Stats. 1915.

An examination of the facts of the case convinces us that the

trial court properly restored to plaintiff the part of the real estate which defendant had received from the plaintiff and that the final division and distribution of defendant's estate between the parties is just and proper in the light of all the facts and circumstances of the case.

*By the Court.*—The judgment appealed from is affirmed. The respondent to recover costs on this appeal.