## Lauffer *v.* Vial, Appellant.

Argued April 21, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*A. C. Scales,* of *Scales, Loughran & Shaw,* for appellant.

*Charles C. Crowell,* of *Crowell & Whitehead,* for appellee.

OPINION BY RHODES, J., September 13, 1943:

Plaintiff brought this action in assumpsit against

defendant to recover eleven-fifteenths of the amount of money expended by plaintiff in improving defendant's land under the terms of an alleged agreement. Plaintiff declared that defendant, by her son and agent, entered into an oral contract or agreement with him by the terms of which he was to remove second growth, stumps, trees, briers, etc., and make tillable and fit for agriculture certain land of defendant, and in consideration thereof defendant agreed to give to plaintiff a lease for said tract of land for a period of fifteen years during which time he was to have all crops produced thereon. He further declared that he cleared, fertilized, and seeded the land, and received the crops until defendant, without plaintiff's consent and in violation of the agreement, entered upon said lands, after plaintiff had been in possession four years, and refused to permit plaintiff to continue in possession thereof. Plaintiff at the trial endeavored to prove the agreement with the son of defendant and her alleged agent, its ratification by defendant, and the cost of fertilizer, seed, and labor incident to preparing the fields for cultivation. The jury returned a verdict in favor of plaintiff. Defendant's motions for judgment n.o.v. and for a new trial were overruled. From the judgment entered on the verdict, defendant has appealed.

The Act of March 21, 1772, Statute of Frauds, 1 Sm. L. 389, §1, 33 PS §1, provides, inter alia: (1) That all leases of land created by parol and not put in writing and signed by the parties making the same, or by their agents thereunto lawfully authorized by writing, shall have the force and effect of leases at will only; and (2) that no leases [for over three years], estates or interests in any lands shall be granted, assigned or surrendered unless by deed or note in writing, signed by the party so granting, assigning or surrendering the same, or by his agents, thereto lawfully authorized by writing. *Holland Furnace Co. v. Keystone Dehydrating Co.*, 151 Pa. Superior Ct. 495, 497, 498, 30 A. 2d 872.

Assuming that there was such an agreement with

defendant's son as plaintiff alleged, the agreement was oral and there was no proof offered that defendant's son had written authority to lease the premises. Consequently, the proposed lease, being for a term of fifteen years, contravenes the statute of frauds. *Mott et al. v. Kaldes*, 288 Pa. 264, 271, 135 A. 764. See, also, *Holland Furnace Co. v. Keystone Dehydrating Co.*, supra, pp. 499, 500. In any event, the burden was on plaintiff to establish by evidence the authority of the agent to bind her principal. *Mallisee v. Hawkins*, 322 Pa. 58, 59, 185 A. 230; *Slease v. Naysmith*, 14 Pa. Superior Ct. 134, 138. There was no proof of any authority, oral or written. Authority to lease land is not inferred merely from an authority to take charge of it; an overseer may not exercise such authority. Restatement, Agency, §67 (2), §73 comment a. Defendant's son was not shown to be the manager of her property. See Restatement, Agency, §67 (1), §73; *Mott et al. v. Kaldes*, supra, p. 270.

Although defendant could have ratified the act of her son, such ratification to be effective had to be in writing. *Holland Furnace Co. v. Keystone Dehydrating Co.*, supra, p. 500; *Mott et al. v. Kaldes*, supra, p. 272; *Dumn v. Rothermel*, 112 Pa. 272, 3 A. 800. There was an entire absence of proof of any written ratification. The evidence does not even establish an oral ratification which under the statute would have given the proposed lease only the force and effect of a lease at will. (There are circumstances where such a lease may be changed into one from year to year. *Ferri et al. v. Liberatoscioli et al.*, 338 Pa. 454, 456, 13 A. 2d 45; *McDowell v. Simpson*, 3 Watts 129, 136.) In the present case there is nothing to indicate that defendant had any knowledge of an agreement between plaintiff and her son, or that she did anything from which ratification could be lawfully presumed. *Republic Bank Note Co. v. Northwestern Pennsylvania R. Co.*, 65 Pa. Superior Ct. 72, 75. " 'Ratification presupposes knowledge of all material facts connected with the act intended to be ratified, and the question of ratification cannot arise

in the absence of proof that the principal had knowledge of such facts' ": *Shields et al. v. Hitchman,* 251 Pa. 455, at page 460, 96 A. 1039, at page 1041; *Pollock v. Standard Steel Car Co.,* 230 Pa. 136, at pages 140, 141, 79 A. 400, at page 401.

As we view it, plaintiff failed to prove the existence of any contract between defendant and himself, and was thus not entitled to any damages for the breach thereof. For the proper measure of damages for the breach of a parol lease which violates the statute of frauds, see *Seidlek v. Bradley,* 293 Pa. 379, 381, 142 A. 914; *Rineer v. Collins,* 156 Pa. 342, 350, 27 A. 28; *Walter v. Transue,* 17 Pa. Superior Ct. 94, 99.

We may add that on the facts of this case plaintiff could not recover on any theory of restitution. Generally, the object to be attained in proceedings for restitution is the prevention of unjust enrichment of defendant and the securing for plaintiff of that to which he is justly and in good conscience entitled. *Gladowski et al. v. Felczak et al.,* 346 Pa. 660, 664, 31 A. 2d 718. See, also, Restatement, Restitution, §§1, 2. It is, of course, "repugnant to every sense of justice and fair dealing that a principal shall avail himself of the benefits of an agent's act, and at the same time repudiate his authority": *Presbyterian Board v. Gilbee,* 212 Pa. 310, at page 314, 61 A. 925, at page 926. But it does not appear that defendant had knowledge of any agreement or proposed lease, or that she had reason to know of plaintiff's purpose upon her lands, or that she knew he expended money and labor thereon under the belief that he had an agreement with defendant which was nonexistent. See Restatement, Restitution, §42, Reporters' Notes p. 29. We have also said that clearing ground preparatory to plowing and sowing is not a permanent improvement inuring to defendant's benefit. *Holland Furnace Co. v. Keystone Dehydrating Co.,* supra, p. 505.

The first assignment of error is sustained.

Judgment is reversed, and judgment is here entered for defendant.