326 P.2d 710

**WYOMING URANIUM COMPANY, Plaintiff and Respondent,**

v.

**James E. REED, Defendant and Appellant.**

No. 8757.

Supreme Court of Utah.

June 9, 1958.

---

3. 1956, 5 Utah 2d 224, 300 P.2d 596.

4. 1955, 4 Utah 2d 153, 289 P.2d 1044.

418

George E. Bridwell, Salt Lake City, for appellant.

J. Grant Iverson, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment awarding shares of stock to plaintiff. Affirmed, with no costs awarded.

Defendant was an employed underwriter of plaintiff's stock. By mistake, plaintiff delivered 31,000 shares too many and defendant sold them. When the error was discovered, plaintiff immediately negotiated for an adjustment. In breaking down a 58,338 share certificate issued when defendant exercised a written option to purchase the same, plaintiff withheld 31,000 shares to

offset the shares theretofore delivered by mistake. The trial court found the over-issued stock to have been delivered by mistake, but not negligently.

Defendant says that 1) a unilateral mistake causing two people to suffer a loss requires such loss to be borne by the one making the mistake and that 2) Title 16–3–7, Utah Code Annotated 1953[1], prevents any rescission of the 31,000 share overissue.

■ We believe there was a mutual mistake of fact rather than a unilateral one. Every one concedes that there was an overissue and that it resulted from a mistake. Both litigants thought there was no overissue, and in this respect both were mistaken. If we accept this premise, in equity and good conscience, defendant should not profit at the expense of the plaintiff, since, had the facts been known there would have been an immediate adjustment of accounts, it appearing nowhere in this record that either of the litigants acted in bad faith.

As to the suggestion that the plaintiff was negligent in causing the overissue, the trial court found otherwise, and anyway,

were plaintiff in error in overissuing stock to the defendant, the latter was equally in error in selling it since either party, making no error in arithmetic, could have determined the extent beyond which an overissue would have been inevitable.

■ As to the contention that the statute mentioned prevented a rescission of the overissue, it may be true that the certificate or certificates representing the overissue, having been transferred to others cannot be reclaimed nor could the delivery thereof by plaintiff to defendant be recalled. But this case is not so much one involving a rescission of a transaction that can be rescinded, as it is one involving a restitution or returning of a quid pro quo where an unjust enrichment would result but for such restitution. If restitution were not available in equity under the facts of this case, there would be little left to the doctrine of restitution to prevent an unjust enrichment.[2] The circumstances here simply point to a delivery by one of the parties to the other, of property that never would have been so delivered had the parties known the true facts. It would seem inequitable to permit

1. "Right To rescind transfer—Grounds.— If the indorsement or delivery of a certificate: (1) Was procured by fraud or duress; or, (2) Was made under such mistake as to make the indorsement or delivery inequitable; or, If the delivery of the certificate was made: (3) Without authority from the owner; or, (4) After the owner's death or legal incapacity; The possession of the certificate may be reclaimed and the transfer rescinded, unless—(a) The certificate has been transferred to a purchaser for value in good faith without notice of any facts making the transfer wrongful; or (b) The injured person has elected to waive the injury, or has been guilty of laches in endeavoring to enforce his rights."

2. Williston, Contracts, Vol. 5, Sec. 1575, pp. 4404–5; Duffy v. Scott, 235 Wis. 142, 292 N.W. 273, 129 A.L.R. 487.

420

the one to keep property so delivered, or the fruits thereof, where such delivery was the result of an honest mistake, particularly when the deliveree's claim, as here, is that his loss was the increment of a higher market price on stock to which he was not entitled.

It might be urged that plaintiff's complaint demanded a "return" of the identical 31,000 shares which was beyond defendant's power to do. However, the prayer and proof called for delivery or replacement of 31,000 shares, sounding in restitution rather than rescission.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.