460 P.2d 739

Linda HANSEN, by her Guardian Ad Litem, Winona Hansen, Plaintiff-Appellant,

v.

HOWARD O. MILLER, INC., a corporation, Howard O. Miller, Donald Bliesner and Monty Edwards, Defendants-Respondents.

No. 10392.

Supreme Court of Idaho.

Oct. 27, 1969.

Derr, Derr & Walters, Boise, and Reiter, Day, Wall & Bricker, Portland, Or., for appellant.

Gee & Hargraves, Pocatello, for respondents Howard O. Miller and Donald Bliesner.

Merrill & Merrill, Pocatello, for respondent Monty Edwards.

DONALDSON, Justice.

This is an automobile negligence action in which Linda Hansen (appellant), a guest passenger, brought suit by her guardian ad litem for personal injuries against her host driver, Monty Edwards, and the owner and driver of the other vehicle involved in the collision, Howard O. Miller and Donald

Bliesner, respectively. The action against Howard O. Miller, Inc. was dismissed prior to trial.

The following facts were elicited by an examination of the documents upon which the summary judgment in favor of the defendant Edwards was granted.

On February 3, 1967 at approximately 8:00 P.M., a collision occurred between an automobile and a gasoline tanker trailer at the intersection of South 5th Street and the ramp of the interstate highway just south of Pocatello. The intersection was well lighted. South 5th Street is a four lane divided highway having two southbound and two northbound lanes. The ramp leading off the interstate highway is controlled by a stop sign posted at the intersection of the ramp and South 5th requiring all vehicles to stop before crossing South 5th.

The host driver, headed in a southerly direction on South 5th Street, was traveling at a speed of between 45 and 55 miles per hour and collided with a gasoline tanker trailer. The tanker trailer was in the process of making a left hand turn in order to travel in a northerly direction on South 5th. The driver of the tanker trailer indicated that he stopped at the intersection of the exit ramp and South 5th. The appellant who was riding in the front seat of Edwards' car suffered severe injuries to her arm and also brain damage. Summary judgment was granted in favor of the respondent Monty Edwards by the district court.

We will first consider the question of whether or not the trial court was correct in granting summary judgment with respect to the host driver, Edwards. The summary judgment was based upon the pleadings, an affidavit made by plaintiff's attorney, and the depositions and affidavits made by the parties to the suit and the passengers in the car driven by Edwards. In considering this question this court shall confine itself to these items and shall not consider the transcript of the trial.

In regard to the granting of summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] In applying this criteria to the facts of this case it must be kept in mind that appellant was a guest passenger and had the burden of proving gross negligence against the respondent Edwards.[2] In the recent case of Swa v. Farmers Insurance Exchange, 93 Idaho 275, 460 P.2d 410, filed October 17, 1969, this court considered the meaning of gross negligence as it is used in I.C. § 49–1401 and as discussed in Hodge v. Borden, 91 Idaho 125, 417 P.2d 75 (1966) and in Petersen v. Parry, 92 Idaho 647 at 658, 448 P.2d 653 at 664 (1968). In *Swa* we approved the test for gross negligence used in Petersen v. Parry, *supra*, and as set forth in 2 Restatement, Torts, § 500.

"* * * the owner or operator must perform an act or intentionally fail to perform an act which it is his duty to

---

1. "I.R.C.P. 56(c). *Motion for summary judgment and proceedings thereon.*—The motion shall be served at least ten (10) days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine

issue as to the amount of damages. Such judgment, when appropriate, may be rendered for or against any party to the action."

2. "I.C. § 49–1401. *Liability of motor owner to guest.*—No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of the said owner or operator or caused by his intoxication or gross negligence."

perform, knowing or having reason to know of facts which would lead a reasonable, prudent man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent."

The court then went on and stated that in applying this definition to the facts of any particular case the court should consider (1) The defendant must intentionally do the act or intentionally fail to do the act which involved the risk; (2) The defendant's conduct must involve a high degree of probability that harm will result; (3) It is not necessary that defendant actually knows of the risk; (4) Defendant's actual consciousness of the risk, although not necessary to prove reckless conduct, may be a significant factor in establishing his liability; (5) Inadvertent conduct, without more, will not constitute recklessness or gross negligence; and (6) A series or combination of negligent acts may constitute reckless conduct if taken together they indicate the so-called reckless state of mind.

■ In applying this test to the facts elicited by the instruments upon which the summary judgment was granted, definite conflict is shown with regard to whether or not the conduct of the respondent Edwards constituted gross negligence; specifically with respect to the speed of the Edwards' vehicle upon passing through the underpass and approaching an intersection, the ability of Edwards to have avoided the collision, and Edwards' attention or lack of it. These issues are merely illustrative and not exhaustive. Other conduct displayed by Edwards may or may not indicate gross negligence. It is not our intention to express any opinion as to the resolution of these issues but we merely hold that where genuine issues of fact are present, a motion for summary judgment should be denied.

■ Once a question of gross negligence is present, it is proper for the jury to decide it. Hayslip v. George, 92 Idaho 349,

442 P.2d 759 (1968); Smith v. Sharp, 85 Idaho 17, 375 P.2d 184 (1962).

■■ The instruments upon which summary judgment was granted in favor of Edwards do not in our view preclude the issue of gross negligence on the part of Edwards. A conflict in affidavits respecting issues of fact preclude summary judgment. On the contrary these depositions and affidavits raise not only questions of fact but also doubts as to the credibility of witnesses. A motion for summary judgment should be denied if the pleadings, affidavits and depositions raise any question of credibility of witnesses. Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657 (1960).

Construing the evidence in favor of the party opposing the motion for summary judgment, and giving him the benefit of all favorable inferences which might be drawn from the evidence, we hold that the trial court erred in granting respondents' motion for summary judgment.

We now address ourselves to the appellants' assignments of error allegedly committed by the district court during the course of the trial against the respondents Miller and Bliesner.

At trial, evidence of the facts previously stated were introduced in greater detail and also evidence of the appellant's failure to wear a seat belt and evidence of an extra-judicial experiment were admitted. The jury returned a verdict for the respondents, Howard O. Miller and Donald Bliesner.

The question of whether or not evidence of failure to wear a seat belt is admissible as evidence of contributory negligence has not heretofore been decided in Idaho. However the weight of authority in jurisdictions where the question has been decided holds that such evidence is inadmissible.

"To date most trial courts have refused to allow the proposed defense and two recent appellate court decisions have repudiated it." Kleist, The Seat Belt De-

fense—An Exercise in Sophistry, 18 Hastings L.J. 613 at 613 (1967).

■■ The reason advanced for the inadmissibility of such evidence is the lack of connection between failure to wear a seat belt and the occurrence of the accident. Barry v. Coca-Cola Co., 99 N.J. Super. 270, 239 A.2d 273 (1967). Therefore we decide that the admission of evidence which proved that appellant was not wearing a seat belt at the time of the accident was error. However this error was cured by instruction No. 37 [3] given by the court. Improper admission of evidence will be cured by proper instructions to the jury. Barry v. Arrow Transportation Co., 83 Idaho 41, 358 P.2d 1041 (1960). This instruction did not merely admonish the jury to disregard the testimony but flatly told the jury that plaintiff was not negligent by reason of her failure to wear a seat belt. Only where the evidence is highly prejudicial will no instruction cure the error of its admission. State v. Knutson, 47 Idaho 281, 274 P. 108 (1929). In this case the evidence was not so prejudicial as to require reversal.

■■ Appellant urges that the trial court erred in admitting the testimony of Paul Todd concerning a braking experiment which was performed during the trial of the case. Evidence of an extra-judicial experiment will be excluded unless the conditions under which the experiment was conducted are shown to be substantially similar to those existing at the time the accident occurred. Jones v. Talbot, 87 Idaho 498, 394 P.2d 316 (1964). Results of a pretrial experiment as to the distance a like car could stop were permitted in Kelly v. Troy Laundry Co., 46 Idaho 214, 267 P. 222 (1928). Even though the automobile employed in the experiment performed in the instant case differed in make, year, weight, and tire size, from the vehicle involved in the accident, such experimental evidence is admissible in the discretion of the trial judge if he determines that the conditions are sufficiently similar so that the evidence will assist the jury and not mislead them. Stuchbery v. Harper, 87 Idaho 12, 390 P.2d 303 (1964). Similarity of circumstances and conditions, where evidence of an experiment is admitted, must be left to the sound discretion of the trial court, and determined by him, subject to review only for abuse. Kelly v. Troy Laundry Co., *supra.* Furthermore the evidence presented at trial regarding the experiment disclosed substantial similarity of conditions and such differences as did exist went to the weight of the evidence and not to its admissibility. We therefore find no abuse of discretion in the case at bar and the determination of the trial court will not be disturbed.

■■ Appellant asserts that instruction No. 9 [4] given by the trial court was to use appellant's own words, "prejudicially erroneous because it was defense oriented." When the court instructs a jury upon what state of facts they must find a verdict for or against either · party, the instructions should include all the facts in the controversy material to the rights of the parties upon the claim of the plaintiff or the defense of the defendant. Deasey v. Thurman, 1 Idaho 775 (1880); Johnson v. Fraser, 2 Idaho 404, 18 P. 48 (1888). It is true that repetition of one view of the case in an instruction to the jury is improper where it gives emphasis to such view. Addy v. Stewart, 69 Idaho 357, 207 P.2d 498 (1949). However although the

3. "You are instructed, Ladies and Gentlemen of the Jury, that Linda Hansen was not negligent by reason of her failing to use the seat belts present in the car in which she was riding."

4. No. 9 "You are instructed that it cannot be said that a person is negligent merely because he attempts to enter a roadway when another vehicle is approaching. * * * Whether a person is negligent in attempting to enter a roadway where the traffic may be approaching would depend upon whether such approaching traffic constituted an immediate hazard and upon all the circumstances of which he acted."

trial judge should avoid unnecessary repetition, clarity of the instructions is of paramount importance and is not to be sacrificed to brevity. Stuchbery v. Harper, *supra.*

 Appellant claims that the final portion of the instruction was erroneous since the phrase "upon all the circumstances of which he acted" is vague, indefinite and confusing. However the appellant himself requested instructions employing similar language and furthermore this phrase was introduced into the case by the complaint made by appellant. While the instruction could have been improved in its language as to the last phrase, we find no reversible error as it was given.

The last assignment of error has to do with plaintiff's requested instruction No. 17.[5] Appellant claims that the court erred in refusing to give this instruction. First of all it should be pointed out that instruction No. 17 is not a correct statement of the law. Speed in excess of the posted speed is prima facie evidence that such speed was not reasonable or prudent. Stanberry v. Gem County, 90 Idaho 222, 409 P.2d 430 (1965). This court has previously held that if the appellant does not give a correct statement of the law in his proposed instruction that appellant cannot complain of the court's refusal to so instruct. Mendenhall v. MacGregor Triangle Company, 83 Idaho 145, 358 P.2d 860 (1961); Preston v. Schrenk, 77 Idaho 481, 295 P.2d 272 (1956). Furthermore this point was partially covered by court's instruction No. 11. In this instruction the court stated that speed in excess of posted speed is prima facie evidence that such speed was not reasonable or prudent. However the court then went on and said that if the jury should find excessive speed that it *may* be considered in determining

questions of negligence and proximate cause. This instruction read in connection with other instructions given by the court defining preponderance of the evidence, negligence, proximate cause and burden of proof adequately covers the law. This court is committed to the rule that judgment will not be reversed for the reason that an instruction does not state all the law applicable to the facts of the case when it appears that other instructions given, in themselves or in connection with others, do correctly state the law. Kelly v. Troy Laundry Co., 46 Idaho 214, 267 P. 222 (1928).

The judgment is affirmed as to respondents, Miller and Bliesner. Costs to these respondents.

Summary judgment in favor of Monty Edwards reversed. Costs to appellant.

McFADDEN, C. J., McQUADE and SHEPARD, JJ., and MARTIN, D. J., concur.

5. No. 17. "I instruct you that merely to operate a motor vehicle in excess of the posted speed limit is not a violation of the law. If you find under the facts and circumstances of this case that an automobile was operated in excess of the posted speed but that such operation was reasonable and proper under the conditions of its operation, then I instruct you that such operation is not a violation of the law."