526 P.2d 1106

**WARM SPRINGS PROPERTIES, INC.,
d/b/a International Village, Inc.,
Plaintiff-Appellant,**

**v.**

**ANDORA VILLA, INC., Defendant-
Respondent.**

**No. 11444.**

Supreme Court of Idaho.

Sept. 26, 1974.

Lloyd J. Walker, Twin Falls, for plaintiff-appellant.

Willis B. Benjamin of St. Clair, St. Clair, Hiller & Benjamin, Ketchum and Idaho Falls, for defendant-respondent.

McFADDEN, Justice.

Warm Springs Properties, Inc. (plaintiff-appellant) instituted this action against Andora Villa, Inc. (defendant-respondent) seeking $60,000 special damages and

$60,000 general damages for the conversion of money on the basis of unjust enrichment.

In the first count of its complaint, Warm Springs Properties, Inc. (herein referred to as Warm Springs), alleged that both it and Andora Villa, Inc. (herein designated Andora Villa), by separate and individual agreements with Butler Brothers Corporation contracted for construction of their independent condominium projects; that each of these projects was to be financed by progress payments to be paid by Warm Springs or by Andora Villa as the work progressed on the respective condominium projects; that between September 1, 1971, and the end of that year Warm Springs paid over $60,000 to Butler Brothers with the understanding that the funds were to be used for the sole purpose of paying expenses already incurred on the Warm Springs condominium; that during the same period work on the Andora Villa project continued, even though Andora Villa failed to make payments to Butler Brothers. Warm Springs also alleged in this count that funds paid by it to Butler Brothers were misappropriated and allocated to pay expenses already incurred on the Andora Villa condominium; that Andora Villa accepted the benefit of these funds at the expense of Warm Springs. Warm Springs also alleged that Andora Villa was unjustly enriched to the general and special damage of Warm Springs.

In the second count of the complaint, Warm Springs adopted portions of its first count and further alleged that Andora Villa through its agents had actual knowledge that funds paid by Warm Springs to Butler Brothers were being used to complete construction of the Andora Villa condominium; that Andora Villa willfully accepted this benefit throughout the period in question because it was unable to furnish the needed funds for completion of its own project.

Andora Villa moved for summary judgment, supporting the motion by various affidavits of its officers and shareholders, and the deposition of Bill Butler, the manager of Butler Brothers Corporation. Warm Springs filed counter affidavits. The trial court granted defendant Andora Villa's motion for summary judgment and this appeal was taken.

Warm Springs on this appeal contends that the trial court erred in granting the motion for summary judgment in two aspects. Warm Springs first asserts that this is an action for restitution of money had and received on the basis of the doctrine of unjust enrichment. Warm Springs then additionally contends that Andora Villa should be held liable for conversion of the Warm Springs property, i. e. cash payments it made to Butler Brothers, which money was used to pay off obligations already incurred on the Andora properties. These contentions will be discussed in inverse order.

I Conversion

It is the conclusion of the court that there is no merit to the appellant's second contention that Andora Villa could be held liable on the basis of conversion of the funds or moneys paid by Warm Springs to Butler Brothers. From affidavits and depositions in the record it appears that Butler Brothers upon receipt of moneys from any of the principals for whom it was constructing buildings[1] placed the funds in its general checking account. The record also discloses that expenses were paid by Butler Brothers from this general fund without regard to the particular contract, i. e., money paid on one project was used to pay for costs of labor and material without regard to the source of such funds.

In Klam v. Koppel, 63 Idaho 171, 179, 118 P.2d 729, 732 (1941), this court defined "conversion" as

"* * * any distinct act of dominion wrongfully exerted over another's per-

---

1. During the year of 1971, Butler Brothers was the contractor for not only the parties to this action, but for some six other corporations or individuals for construction of condominiums or residences.

sonal property in denial or inconsistent with his rights therein, such as a tortious taking of another's chattels, or any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of the possession, permanently or for an indefinite time."

██ Normally conversion for misappropriation of money does not lie unless it can be described or identified as a specific chattel. Shahood v. Cavin, 154 Cal.App.2d 745, 316 P.2d 700 (1957); 53 Am.Jur., Trover and Conversion, § 9, p. 811. From the undisputed facts in this record, appellant Warm Springs is foreclosed from maintaining this action on the theory of conversion because once the funds were received by Butler Brothers they went into its general checking account and lost any specific identity.

## II   Unjust Enrichment

Warm Springs asserts that the trial court erred in granting the motion for summary judgment because there is an unresolved issue of fact, which if found in its favor would entitle it to judgment against Andora Villa on the theory of unjust enrichment.

Bill Butler, the manager of Butler Brothers, stated in his affidavit that during the fall of 1971, Andora Villa was behind in payments on its contract, and that the entire payroll for the Andora project was paid from money received from Warm Springs; that in his conversation with an officer of Andora Villa, the officer suggested that Butler get more money from Warm Springs to cover the obligations so that the work on the Andora project could continue.

Mr. Taylor, the office manager of Butler Brothers, stated in his affidavit that he talked by phone to one of Andora Villa's officers and advised the officer that Butler Brothers had to have some money to keep the Andora Villa job open; and that because of promises made by Andora, Butler Brothers used moneys paid by Warm Springs, including Federal Tax reserves, to meet the current payroll of the Andora Villa job.

Although affidavits of officers of Andora Villa deny any knowledge of internal affairs of Butler Brothers, issues of fact remain unresolved as to whether Andora Villa officers encouraged or counselled Butler Brothers to use moneys paid by Warm Springs in payment of obligations incurred on the Warm Springs project and the amount paid from funds of Warm Springs to the benefit of Andora Villa.

A motion for summary judgment should not be granted when genuine issues of material facts remain unresolved. IRCP 56(c); Hansen v. Howard O. Miller, Inc., 93 Idaho 314, 460 P.2d 739 (1969); Holve v. Draper, 95 Idaho 193, 505 P.2d 1265 (1973).

The next issue is to determine the materiality of this unresolved issue of fact. Restatement of the Law, Restitution, § 120, p. 500 (1937), provides:

"Where a person has contracted to make improvements upon the land or chattels of another and in the course of making such improvements uses chattels or money of a third person which he has improperly obtained or improperly uses, such third person is entitled to restitution from the owner of the land or chattels, unless such owner paid the contractor without notice of the interest of the third person."

Under Warm Springs' theory of this action, when the officers of Andora Villa prevailed upon Butler Brothers to use funds which Butler Brothers received from Warm Springs to pay existing obligations for wages and materials used on the Andora Villa project, so that construction could continue on the Andora Villa condominium, Andora Villa became obligated to pay Warm Springs for such sums under the provisions of Restatement, Restitution, § 120, supra. There is merit in this contention.

In Hixon v. Allphin, 76 Idaho 327, 333–334, 281 P.2d 1042 (1955), this court quoted from various decisions as follows:

"'The essence of a *quasi* contractual obligation lies in the fact that the defendant has received a benefit which it would be inequitable for him to retain. This was clearly pointed out by Lord Mansfield in the first case recognizing the doctrine of *quasi* contracts. "If the defendant," he said, "be under an obligation, from the ties of natural justice, to refund, the law implies a debt, and gives this action, founded in the equity of the plaintiff's case, as it were, upon a contract ('*quasi ex contractu*' as the Roman law expresses it). * * * This kind of equitable action to recover back money, which ought not in justice to be kept, is very beneficial and therefore much encouraged. * * *" McShane v. Quillin, 47 Idaho 542, at pages 547–548, 277 P. 554, at page 559.

"'* * * It is not necessary in order to create an obligation to make restitution or to compensate, that the party unjustly enriched should have been guilty of any tortious or fraudulent act. The question is: Did he, to the detriment of someone else, obtain something of value to which he was not entitled? See 46 Am.Jur. 99, Restitution and Unjust Enrichment.

* * * * * *

"'* * * the terms "restitution" and "unjust enrichment" are the modern designation for the older doctrine of "quasi contracts." See also, 66 C.J. 32, Unjust Enrichment. "Quasi contracts" are not true contracts but are obligations created by the law when money or property has been placed in one person's possession, under such circumstances that in equity and good conscience, he ought not to retain it. Royal Indemnity Co. v. Sol Lustbader [Inc.], City Ct., 26 N.Y.S.2d 328; see also, 35 Words and Phrases, Perm.Ed., page 621. Thus, the substance of an action for unjust enrichment lies in a promise, implied by law, that one will render to the person entitled thereto that which in equity and good conscience, belongs to the latter. * * *' Bill v. Gattavara, 34 Wash.2d 645, 209 P.2d 457, at pages 459–460.

"'Going to the Restatement, Law of Restitution, we find general statements supporting the instant judgment. Sec. 1, "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." Comment c. under the above implies that where a person receives a benefit from another he is liable to pay therefor if the circumstances of its receipt or retention are such that as between the two it is unjust for him to retain it. * * *' Duffy v. Scott, 235 Wis. 142, 292 N.W. 273, at page 276, 129 A.L.R. 487. See also, Lauffer v. Vial, 153 Pa.Super. 342, 33 A.2d 777, at page 779."

It is the conclusion of this court that the issue of fact (i. e., the role played by Andora Villa officers in having Butler Brothers apply to Andora Villa obligations the moneys paid by Warm Springs) is material to this action. Should Warm Springs prevail in resolution of this issue at a trial, a basis would be established for the trial court to employ its equity powers in application of the doctrine of unjust enrichment. Restatement of Restitution, § 120, supra. For this reason it is the conclusion of this court that the trial court erred in granting the motion for summary judgment.

The judgment of the trial court is reversed and the cause remanded for further proceedings. Costs to appellants.

DONALDSON and McQUADE, JJ., concur.

BAKES, Justice (concurring in part and dissenting in part):

I dissent from the majority's conclusion that the plaintiff has shown a claim for relief for unjust enrichment against the defendant Andora Villa. However, I do concur that the matter be remanded to the

**274**

trial court in order to permit the plaintiff to attempt to amend his complaint to allege a claim for relief on the theory of tortious interference with contract. The reasons are as follows:

Regarding the issue of unjust enrichment, while the majority opinion does not point it out, the defendant Andora Villa was also the victim of the failure of Butler Brothers to pay all of the bills relating to its construction projects, and when all of the construction was complete, the defendant Andora Villa not only paid its full contract price to Butler Brothers, but in addition had to pay approximately $23,000 more in order to cover the costs of materials and labor furnished in order to prevent liens from being filed on its property. Under these circumstances, how then can it be stated that the defendant Andora Villa was unjustly enriched?

The test of unjust enrichment is not the extent of any loss by plaintiff, but the amount by which the defendant has been unjustly enriched. Continental Forest Products, Inc. v. Chandler Supply Co., 95 Idaho 739, 518 P.2d 1201 (1974). Under the facts of this case, since the defendant actually sustained a loss rather than an enrichment as a result of its dealings with Butler Brothers, no cause of action for unjust enrichment would lie against it by plaintiff Warm Springs Properties, Inc. To argue that Andora Villa would have lost more but for its inequitable conduct, and therefore was unjustly enriched, has never been the basis of successful claims for unjust enrichment that I have been able to discover, and the majority cites no authority for this proposition. The trial court was correct in granting summary judgment for the defendant on that issue.

However, there are certain allegations in plaintiff's complaint, and alleged facts set out in the affidavits of the plaintiff which suggest that plaintiff might be able to establish a cause of action against Andora Villa for tortious interference with contract. *See* Barlow v. International Harvester Co., 95 Idaho 881, 522 P.2d 1102 (1974). Although contested, there was some evidence to the effect that the officers of Andora Villa prevailed upon Butler Brothers to seek advances from Warm Springs Properties, Inc., representing that the funds would be used to pay Warm Springs bills, and then using the money to pay the bills of Andora Villa. On remand, the plaintiff should be given an opportunity to amend his complaint to attempt to allege such a claim for relief, and then have that theory tested in a new motion for summary judgment, or in a trial if the facts are materially disputed.

SHEPARD, Chief Justice (dissenting):

I concur in the opinion of Mr. Justice BAKES to the extent that plaintiffs have not shown a claim for relief for unjust enrichment. I disagree, however, with his conclusion that plaintiffs might be able to establish a claim for relief based on tortious interference with contract. Under any theory I believe the record sustains the action of the trial court in entering summary judgment for the defendant.