554 P.2d 968

**Henry F. JACKSON and Helen Louise Jackson, husband and wife, Plaintiffs-Appellants,**

v.

**BANNOCK VANGAS, Defendant-Respondent.**

No. 12003.

Supreme Court of Idaho.

Sept. 29, 1976.

Hartwell H. K. Blake, of McDermott & McDermott, Pocatello, for plaintiffs-appellants.

Gary T. Dance, of Merrill & Merrill, Pocatello, for defendant-respondent.

PER CURIAM:

The plaintiff appellant Helen Louise Jackson was injured when she lost her balance while walking down a steep incline in her backyard. As she slipped, her foot caught under an exposed liquid propane gas line which had recently been installed by the defendant respondent Bannock Vangas. The resulting fracture of her ankle bones incapacitated her from working for several months and left her with a permanent partial disability. She brought this action for recovery of damages for her injuries. Her husband Henry Jackson joined for loss of consortium and companionship.

The case was tried before a jury. The Jacksons maintained that Helen Jackson's injury was the result of Vangas' negligence in the installation of the line. Vangas contended that not only was it not negligent, but that even if it were, Helen and Henry Jackson's negligence was a greater cause of the injury.

The Jacksons submitted a plaintiffs' proposed jury instruction based upon I.C. § 6–801, Idaho's comparative negligence statute. The statute and the instruction follow the rule that a plaintiff whose own negligence has contributed to her injury would be entitled to recover damages from a defendant whose negligence had contributed to her injury if her negligence were not as great as that of the defendant, but would not be entitled to damages otherwise. The jury found that Helen and Henry Jackson's negligence was a 51% cause of her injury while Vangas' negligence was a 49% cause. Accordingly, the verdict denied her any recovery.

The Jacksons have appealed from the judgment entered upon the verdict. They argue that I.C. § 6–801 is unconstitutional as a denial of equal protection of the law on the ground that there is no rational basis for allowing a plaintiff, whose own negligence was 49% responsible for the plaintiff's injury, partial recovery of her damages while denying a plaintiff whose own negligence was a 50% or greater cause of her injury all recovery for damages.

However, appellants themselves requested the same basic instruction about which they now complain. Having urged this rule of law before the trial court in its

proposed jury instructions, the plaintiffs cannot now argue upon appeal that this rule is incorrect, whether for constitutional or other reasons. I.R.C.P. 51(a)(1); *Hansen v. Howard O. Miller, Inc.*, 93 Idaho 314, 460 P.2d 739 (1969).

Judgment affirmed. Costs to respondents.